## CUMMINGS *v.* FORSMAN.

On exception to bail entered on an appeal from the judgment of a justice of the peace, and notice served on the appellant to justify his bail; the proper place to justify the same, until a transcript be taken and filed in the Court of Common Pleas by the appellant, is the court of the justice.

After notice to justify bail entered on an appeal by a defendant from the judgment of a justice, and the rejection of the bail for insufficiency by the justice; if the defendant take and file a transcript of the suit and proceedings thereon, in the Court of Common Pleas, the court will, on application by the plaintiff, strike off the appeal.

An attorney, who appears for a party in a case pending before a justice, and tries the cause, becomes, under the act of 1810, the agent of such party; and the service, on such attorney, of notice of a rule to justify the bail entered on an appeal from the judgment of the justice, by the party for whom he appeared, was held sufficient.

IN error from the Common Pleas of Northumberland county.

*July* 8. This was an appeal from the judgment of a justice of the peace, in an action of debt brought by Robert D. Forsman, against Robert D. Cummings, the plaintiff in error, and defendant below. The facts of the case, and the points raised here, are fully stated in the opinion of this court.

*Miller*, for plaintiff in error, cited 1 Watts & Serg. 378; 5 Watts & Serg. 363.

*Porter*, contrà, cited Robinson *v.* Shrouds, 1 Ash. 168; Smith *v.* Steel, 1 Ash. 80.

*July* 12. BURNSIDE, J.—This action had been commenced before a justice of the peace; it was debt on a promissory note. After several hearings, on the 16th of June, 1845, the justice confirmed his previous judgment for $57 18, with costs of suit. On the 2d of July, 1845, the defendant appealed to the Common Pleas, and entered bail to prosecute his appeal with effect. Before the appellant had taken a transcript of his appeal, Mr. Porter, the attorney of the plaintiff, appeared, and excepted to the bail of the appellant, and obtained a rule from the justice, on the defendant, to justify bail returnable on the 28th of July. This rule was served on Mr. Lawson, the attorney, who had appeared and tried the cause for the defendant before the justice. No regard was paid to this rule; and the justice being satisfied of the insufficiency of the bail, entered on the docket that the bail was rejected. The day following the appellant obtained a tran-

script of the whole proceedings from the justice, and filed it as his appeal, on the 4th of August, in the Common Pleas. The prothonotary entered the appeal on the appearance docket. The next day, on motion, the court granted a rule to show cause why the appeal should not be stricken off; and on the 11th day of August following, this rule was made absolute. The striking off the appeal is assigned for error in this court. Two grounds are urged in this court in support of the error complained of. 1st, That the rule to perfect the bail ought to have been obtained in the Common Pleas. But to this we cannot accede. The action was still before the justice. It is true the appeal and bail were entered, but no transcript had yet been taken from the justice; and the appellant was called on to justify that bail. Now as the record remained before the justice, the court of the justice was the proper place to call on the appellant to justify his bail, or enter other bail to the action. There was no appeal entered in the Common Pleas until after the rule to justify bail was decided by the magistrate. 2d, It is contended that the notice to justify bail ought to have been served on the party, and not on his attorney. The record shows that the attorney, on whom the notice was served, appeared for the appellant before the justice, and tried the cause. When an attorney at law appears before a justice in a case pending, he becomes the agent of the party for whom he appears, under the act of 1810, regulating proceedings before justices of the peace. The provisions of that act allow all proceedings before the justice, subsequent to the service of the summons, to be conducted by the party, or his agent. It does not appear where Cummings resided. Lawson was the agent of Cummings; and the service of the rule on him for the bail to justify, we think a sufficient service. It was the duty of the agent to give notice to his principal, and, if time were wanted, to apply to the magistrate for that purpose. When this appeal was filed in the Common Pleas, there was no bail to prosecute the appeal with effect. The bail, therefore, not being perfected, there was no error in the court dismissing the appeal.

Judgment affirmed.