## McIlhaney et al. *versus* Holland.

1. Where a defective recognizance has been entered, the appellant may be permitted to perfect it, or if without fault of his he has been prevented from appealing from the judgment of a justice by the act of the latter, an appeal may be allowed *nunc pro tunc* if asked for in reasonable time.

2. In this case no recognizance was entered. No security was given or offered. The omission so to do was not caused by any act of the justice. There was no error in refusing to permit him to give security nearly two years thereafter and in dismissing the appeal.

February 2d, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, of *Fayette county:* Of July Term, 1885, No. 181.

This in the court below was a rule to show cause why the appeal in this case should not be stricken off. The court, INGHRAM, P. J., made the rule absolute and dismissed the appeal.

The following facts appear from the record and the depositions taken on the rule:

On the 9th of January, 1883, Abraham Holland sued James and Andrew J. McIlhaney, before Justice J. M. Lytle, of New Haven, Fayette County, Pennsylvania, for cutting growing timber on lands of the plaintiff. On the 26th of January the parties appeared and after a hearing the justice gave judgment against the defendants for the sum of twenty-six dollars and costs.

Immediately following the judgment, appears on the justice's transcript the entry, "Defendant appeals." No date for this entry is given, and there is no entry of bail given or offered.

Below the above entries is the following, viz;

"I do certify that the above is a true copy of this judgment as same appears upon my docket.

"J. M. LYTLE, J. P."

The McIlhaneys carried the transcript containing the facts as above given, which Justice Lytle gave them in response to their demand for an appeal, to the prothonotary, with whom it was filed as and for an appeal, on the 15th day of February, 1883.

The prothonotary immediately entered the plea of *nil debet* to the transcript, and put the cause upon the issue docket, as provided by Rules of Court.

The appellee employed P. S. Newmyer, Esq.; who duly

[McIlhaney v. Holland.]

entered his appearance, and so matters stood until March Term, 1885, when in its regular turn, the case came on to the trial list for trial.

On the 17th of March the case was reached by the court in calling the list. The plaintiff moved the court to dismiss it for want of the entry before the justice of bail on the appeal for costs. The defendants offered to enter such bail immediately, and moved the court to be allowed to perfect their appeal by doing so. The court entertained both motions and continued the case against the objection and exception of the defendants.

Both parties took depositions. The McIlhaneys contended that Justice Lytle deceived them about their appeal, telling them that it was perfect when he gave it to them; that they inquired of him when they demanded their appeal, if any bail were necessary, and offered to furnish it; and that Lytle, for the purpose of tricking them and defeating their appeal, induced them to depend upon him to prepare the transcript properly, and intentionally omitted the bail. Lytle denies all this.

The defendants took this writ, assigning for error the action of the court in making the rule, to show cause why the appeal should not be dismissed absolute and in discharging their appeal.

*Edward Campbell*, for plaintiff in error.—A party will be allowed to enter his appeal, *nunc pro tunc*, whenever he has been prevented entering his appeal by the act of the justice. Castner *v.* Bilbon, 1 Chest. Co. R., 92; Snyder *v.* Snyder, 27 Leg. Int., 204; Wilson *v.* Hathaway, 28 Leg. Int., 68; Hibbs *v.* Stines, Id.; Schoneman *v.* Strnberger, 7th W. N. 111; Woodside and Storeger *v.* P. R. Co., 1 Pear., 301.

A defective recognizance may be amended, *e. g.*, one surety instead of two. Hummer *v.* Ephrata Sch. Dist., 31 Leg. Int., 79.

The want of an affidavit or other defects may be supplied. Womelsdorf *v.* Heifner, 14 W. N., 24; 41 Leg. Int., 25; Del. R. & L. R. R. *v.* Weaver, 1 Lancaster L. Rev., 169; Swallow *v.* The Red Ash Coal Co., Id. 88.

The Common Pleas cannot strike off an appeal because of a defective recognizance. A rule must be taken to perfect the appeal. Benedict *v.* P. & N. Y. C. Co., 4 Luz. Leg. Reg., 8; Means *v.* Trout, 16 S. & R., 349; Huntingdon *v.* Jackson, 2 Pa. Rep., 431; Bream *v.* Spangler, 1 W. & S., 378; Adams *v.* Null, 5 W. & S., 363; Weidner *v.* Matthews, 11 Pa. St., 336; Koenig *v.* Bauer, 57 Pa. St., 168; Short *v.* Rudolph, 1 Pittsburgh, 50; Woodruff *v.* James, 2 W. N., 50.

[McIlhaney *v.* Holland.]

Where an appeal has been entered without a recognizance, the appellant should be allowed to give bail. Fishburn *v.* Schifler, 2 Pears., 523; Davis *v.* Marra. 1 Chest. Co., 328; Woodruff *v.* James, 2 W. N., 50; Redheffer *v.* Fitler, 7 Phila., 338; Bream *v.* Spangler, 1 W. & S., 378; Adams *v.* Null, 5 W. & S., 363; Means *v.* Trout, 16 S. & R., 349.

If a justice erroneously reject a recognizance offered within twenty days, he may subsequently allow the appeal. Noble *v.* Houk, 16 S. & R., 421.

A party must object to a defect in the recognizance at the first opportunity—it is too late after the lapse of a year. Cochran *v.* Parker, 6 S. & R., 549; Shank *v.* Warfel, 14 S. & R., 205; Zeigler *v.* Fowler, 3 S. & R., 238; Clarke *v.* McAnulty, 3 S. & R., 369; Cameron *v.* Montgomery, 13 S. & R., 128; Weidner *v.* Matthews, 1 Jones, 336; Ihmsen *v.* The Mon. Nav. Co., 3 Casey, 267; Sleck *v.* King, 3 Pa. St., 211; Cavence *v.* Butler, 6 Binn., 52; Robinson *v.* Shrouds, 1 Ash, 168; Marks *v.* Swearingen, 3 Pa. St., 454; Greenawalt *v.* Shannon, 8 Pa. St., 465; Wilson *v.* Kelley, 2 W. N., 482; Walter *v.* Bechtol, 5 Rawle, 228; Stowers *v.* O'Malia, 2 Luz. Leg. Reg., 45; Del. & H. Canal Co. *v.* Loftus, 71 Pa. St., 418.

*P. S. Newmyer* for defendant in error.

The opinion of the court was filed February 15th, 1886.

PER CURIAM. Where a defective recognizance has been entered, the appellant may be permitted to perfect it, or if without fault of his he has been prevented from appealing from the judgment of a justice, by the act of the latter, an appeal may be allowed, *nunc pro tunc,* if asked for in reasonable time. In this case no recognizance was entered. No security was given or offered. The omission so to do was not caused by any act of the justice. On the contrary the justice testifies that he told the plaintiff in error he must enter bail or he could not take an appeal. On the same day the latter returned and said he had no bail, but would "take the transcript any way." This evidence clearly negatives any intention of perfecting the bail. There was clearly no error in refusing to permit him to give security nearly two years thereafter, and in dismissing the appeal.

Judgment affirmed.