# Kohl v. Allen.

In case an appeal is taken out and a certified check deposited with the Justice, conditioned "for the payment of costs that have and may accrue in the affirmance of the judgment," the Court will. upon petition, allow the appeal to be perfected by the entry of a recognizance in due form of law.

Where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury.

RECOGNIZANCE—CERTIFIED CHECK DEPOSITED—PERFEC-
TION OF APPEAL.

No. 63, September Term, 1902, C. P. of Northampton Co.

Orrin Searfass, Esq., for plaintiff.

D. W. Nevin, Esq., for defendant.

Opinion by SCOTT, J., September 22, 1902.

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal:" Womelsdorf v. Heifner, 104 Pa. 1. This appeal was taken and transcript entered on Aug. 1, one week after judgment. Before the first day of next term, a petition was filed to strike it off, whereupon the appellant applied for leave to perfect it. These rules were thereupon granted, and suspended the statutory limitation which thus sub judice: Schrenkeisen v. Kishbaugh, 162 Pa. 45. It was not an attempt to extend the time within which an appeal might be taken or filed, when omitted by inadvertance of counsel: Ward v. Letzkus, 152 Pa. 318. Bail was not entered

as required by the Act of March 20, 1845, Sec. 1, P. L. 188, but a certified check on the Easton National Bank was deposited with the Justice, conditioned "for the payment of costs that have and may accrue in the affirmance of the above judgment." This was equivalent to a deposit of cash, so long as the bank remained solvent, for an indefinite time, irrespective of the statute of limitations: Girard Bank v. Bank of Penn Township, 39 Pa. 92.

It is clearly pointed out in Steam Heat and Power Co. v. Hutchinson, 3 District Reps. 657, that this is not a compliance with the statute, and that, without a personal recognizance at least of the appellant, it would be difficult, in case of default, to reach the deposit in the hands of the Justice. It does not appear, however, that the application to perfect the appeal was made before the first day of the term to which the statute required it should be entered, and while, if the transcript had not been actually filed, jurisdiction to determine the sufficiency of bail was in the Magistrate's court, and might have been corrected there even after the expiration of twenty days: Cummings v. Forman, 6 Pa. 194. If the Justice could do this before the term, why cannot the Common Pleas when the proceeding is suspended? The case which disallowed the appeal as above cited, if intended to be applied to an application made before the next term, was not followed afterwards in a similar proceeding: Hughs v. Hughs, 10 Kulp, 85.

In Carr v. McGovern, 66 Pa. 457, there was no attempt to perfect the appeal. In McIlhaney v. Holland, 111 Pa. 634, application was delayed for two years. But in both it was intimated that, if promptly made, it ought not to be refused. "Where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases:" Womelsdorf v. Heifner, supra. As a deposit only was made and no recognizance taken the present case is not within the exact letter of these decisions, but it is entirely covered by the reason and spirit of the rule. If cash be deposited, conditioned upon the same default as in a recognizance, the protection to appellee is certainly great-

er than if the latter is insufficient and the security could not be enforced.

Now, September 22, 1902, it is ordered that the defendant have leave to perfect his appeal in ten days by entering into recognizance before the Prothonotary, with one or more suffi-cient sureties, in the sum of $100, conditioned for the payment of all costs accrued or that may be legally recovered against him. In default of which, the rule to strike off the appeal will be made absolute, otherwise discharged.