## Rudy *v.* Troup, Appellant.

*Justice of the peace—Appeals nunc pro tunc—Laches.*

Where a justice of the peace renders judgment publicly in his office three days after the hearing, the defendant will not be allowed an appeal nunc pro tunc on the ground that the justice had promised to notify him of the judgment, and had failed to do so.

Argued March 13, 1917. Appeal, No. 1, March T., 1917, by defendant, from order of C. P. York Co., Aug. T., 1915, No. 17, discharging rule for an appeal nunc pro tunc in case of George W. Rudy v. A. C. Troup. Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule for an appeal nunc pro tunc.

Ross, J., filed the following opinion:

The petition which brought this case before this court was presented April 26, 1915. It alleges, among other things:

That on August 31, 1914, the petitioner appeared as defendant in a suit brought by the above-named plaintiff before "Squire Shenk, of Beuna Vista," of this county.

Fairview Township, York County, Pennsylvania— That a hearing in said suit was then and there had, at

which the plaintiff and defendant were both present with their respective attorneys. Witnesses were sworn and heard on behalf of the plaintiff and defendant; when, after the testimony was closed the squire (or justice of the peace) announced to the effect that he would not decide the case at that time but would decide it later. On this point the witnesses for the petitioner, on depositions taken in support of the petitioner, testify that the justice of the peace said he would inform the parties when he rendered his judgment, etc., etc. The witnesses for the respondent, in support of allegations contained in his answer, say in substance, that the justice of the peace said he would render his opinion on the 3d of September next, at 7 o'clock p. m., when the parties interested could be present and hear it.

The truth of these conflicting statements is immaterial to the present inquiry.

The evidence shows that a judgment was rendered publicly by the justice of the peace at his office (the place where the hearing was held) on September 3, 1914, at 7 o'clock p. m. The plaintiff and his attorney being present; the defendant and his attorney not being present.

The petitioner prays that an appeal from said judgment shall be entered nunc pro tunc. The only reason upon which the prayer is based, is that he did not receive the notice of judgment, as he alleges the justice of the peace never notified him of its entry.

That is a prayer for this court to do an impossible thing under the law and the circumstances of this case.

The statute law regulating appeals from judgments of justices of the peace is plain and should be well understood and it is not within the province of this court to overrule those statutes.

The merits of the suit before the justice cannot be inquired into by this court on this proceeding, and if the judgment was so unfair or inequitable as counsel for defendant attempted to argue to us, it was all the more

necessary why the petitioner, or his counsel should have been alert to the remedy given him by well known law; even if the justice of the peace did say that he would notify parties of his judgment, it should have been well known that the law requires him to render the judgment within ten days after the evidence had been heard. See act approved March 22, 1877, P. L. 13.

Parties to suits of this kind cannot excuse themselves because of neglect of counsel: Ward v. Letzkus, 152 Pa. 318.

There is a class of cases which have allowed appeals to be taken nunc pro tunc, but there are none, which we have been able to reach, which allowed such appeals because of the laches of the petitioner. In the case before us there is no charge of fraud, either legal or constructive. The thing most apparent from the testimony before us is, that the petitioner has slept on his legal rights, and it is not within the province of this court to disregard such neglect by what the attorney for petitioner describes as the exercise of "sound judicial discretion."

The language used by Mr. Justice PAXSON, in Kerr v. Rogers, 9 Phila. 525, and sanctioned by the Superior Court, in 42 Pa. Superior Ct. 113, can be aptly applied to the circumstances of the present application: "The frequency of these applications admonishes us that we ought not to relax the rules of law applicable to such cases."

Nothing short of an act of assembly can give a man an appeal when he has lost his right thereto by neglect.

There is a class of cases, the number of which we do not feel disposed to increase, in which it has been held that a defendant may be allowed to file his appeal nunc pro tunc."......"The present case is not a case where the defendant's attorney was, in any way, fraudulently misled or deceived by anything on which he had a right to rely."

Where counsel is the agent of his client, as he was in

160, (1917).]   Opinion of Court below—Arguments.

this case, the neglect of the one is the neglect of the other: Ward v. Letzkus, 152 Pa. 318.

I have carefully examined the cases cited in support of the respondent's contention and I cannot find in any of them, an intimation that the "sound discretion of the court," which was so eloquently and persistently invoked, can be made available to correct the consequences of negligence.

And now, February 21, 1916, the rule is discharged at costs of petitioner.

*Error assigned* was the order of the court.

*John A. Hoober,* for appellant.—"The right of appeal and of trial by jury is too precious to be frustrated by the errors, incompetency or negligence of inferior magistrates and officers." Koenig v. Bauer, 57 Pa. 168; Lauderbach v. Boyd, 1 Ashmead 380; Tucker v. Russian, Etc., Aid Society, 14 Northampton 280; Resh v. Brubaker, 32 Lanc. 206; Herman v. Dubbs, 24 Pa. C. C. R. 651.

When this justice continued the hearing without a day fixed, he could not enter judgment legally without notice to the parties: Leslie v. Innes, 3 District Reports 689; Snyder v. Snyder, 7 Phila. 391; Hestonville Pass. Ry. v. Boyle, 1 Dist. Rep. 230; Shrope v. Cauley, 2 Dist. Rep. 48; Gilbert v. Maxwell, 1 W. N. C. 71; McIlhenny v. Holland, 111 Pa. 634.

*James G. Glessner,* for appellee.—Appeals from the judgments of justices of the peace and magistrates will not be allowed to be taken and filed nunc pro tunc after the twenty days has expired, unless it is shown that defendant has used due diligence and made every effort possible to perfect such appeal within the twenty days: Bechtel v. Leinbach, 1 Woodward 470; Houk v. Knop, 2 Watts 72; Sherwood v. McKinney, 5 Wharton's 435; Hughes v. Clark, 35 Pa. Superior Ct. 518; Kutz v. Skinner, 7 Pa. Superior Ct. 346; Patterson v. Gallitzin B. &

Arguments—Opinion of the Court. [67 Pa. Superior Ct. L. Assn., 23 Pa. Superior Ct. 54; Law v. Groves, 47 Pa. Superior Ct. 411.

PER CURIAM, July 13, 1917:

The only error assigned is, that the court below refused to allow the defendant to enter an appeal nunc pro tunc, taken from a judgment of a justice of the peace, for the reason that he had not received notice of the entry thereof. The opinion filed by the court in discharging the rule, so fully and clearly answers the appellant's contention that it is not necessary to add anything thereto.

For the reason given therein the judgment is affirmed.