## Houck v. Bobrow Brothers, Inc., et al.

*Appeal nunc pro tunc—Appeal from Workmen's Compensation Board to Court of Common Pleas—Act of June 26, 1919.*

1. Where a statute allowing appeals provides that the appeal must be taken within a fixed number of days after the rendition of judgment, it is mandatory.

2. The clause in section 427 of the Act of June 26, 1919, P. L. 665, which authorizes the Court of Common Pleas, to which an appeal will lie from the decision of the Workmen's Compensation Board, to extend the time for appeal contemplates a cause for delay which will give the judiciary the right to act, and mere delay or laches of the intending appellant will not be sufficient grounds for an extension of time.

3. Where an appeal to the Court of Common Pleas from the Workmen's Compensation Board was not filed within the time fixed by the statute and without an order of the court extending the time of appeal, in the absence of fraud or anything equivalent thereto, an appeal *nunc pro tunc* will not be allowed.

4. Where the appellant from the judgment of the Workmen's Compensation Board could have perfected his appeal to the Court of Common Pleas within the statutory period by the exercise of reasonable diligence, leave to appeal *nunc pro tunc* was refused, and an appeal not taken in time was stricken off.

Appeal from decision of the Workmen's Compensation Board. Rules to show cause why the appeal should not be stricken off and why an appeal *nunc pro tunc* should not be allowed. C. P. York Co., Aug. T., 1922, No. 178.

*Ehrhart & Bange,* for plaintiff and appellee.

*John A. Hoober, K. L. Shirk* and *John A. Coyle,* for defendant and appellant.

ROSS, J., Feb. 26, 1923.—The records in this court show that on July 25, 1922, a præcipe was filed in the prothonotary's office, signed by "K. L. Shirk, John A. Coyle and John A. Hoober, attorneys for appellant," directing that "W. H. Snyder, prothonotary, issue writ of *certiorari,* directed to the Workmen's Compensation Board, commanding it, within ten days after service thereof, to certify to the above Court of Common Pleas its entire record in the above named case." The writ was issued and duly served.

On July 31, 1922, in compliance with the service of the *certiorari,* a "certified transcript of record proceedings under compensation agreement No. 987,398, in the Workmen's Compensation Bureau of the Department of Labor and Industry," was filed.

On Aug. 21, 1922, Estella A. Houck filed her petition, representing that "on July 13, 1922, the Workmen's Compensation Board filed its opinion, wherein the findings of fact, conclusions of law and the order of the referee reinstating compensation to the claimant were sustained, and the appeal of the defendant, taken by its insurance carrier, the American Mutual Liability Insur-

3 D. & C.

ance Company, from the said order, etc., of said referee was dismissed, as by reference to the entire record certified to your honorable court, hereinafter averred, will appear.

"That on July 13, 1922, the said Workmen's Compensation Board served notice of the aforesaid action of the board, in manner provided by law, upon the defendant and said American Mutual Liability Insurance Company, its insurance carrier.

"That on July 25, 1922, the said American Mutual Liability Insurance Company filed an appeal from the aforesaid action of said board in your honorable court, pursuant to which a writ of *certiorari* was issued on said day by the prothonotary of this court to the said Workmen's Compensation Board, commanding it, within ten days after service thereof, to certify to your honorable court the entire record in the above entitled cause.

"That, pursuant to the aforesaid writ of *certiorari*, the record in said cause was certified to and filed in this court on July 31, 1922.

"Upon the foregoing state of facts, your petitioner respectfully prays your honorable court to grant a rule on Bobrow Brothers, Inc., the said defendant, and on the American Mutual Liability Insurance Company, its insurance carrier, to show cause why the appeal so as aforesaid taken from the action of said Workmen's Compensation Board to your honorable court should not be stricken off, at the costs of the appellant, for the following reasons:

"1. Said appeal was not taken within ten days after the aforesaid notice of the action of the Workmen's Compensation Board was served upon the defendant and the said American Mutual Liability Insurance Company, its insurance carrier, as provided by section 427 of the Act of June 26, 1919, P. L. 642, 665, amending the Workmen's Compensation Act of June 2, 1915, P. L. 736.

"2. That no leave, upon cause shown, to extend the time for taking said appeal was applied for and granted by your honorable court within the statutory time for taking said appeal, as provided by said section 427 of the Act of June 26, 1919, P. L. 642, 665.

"3. That said appeal was taken after the time fixed by law for the taking thereof had expired, and without leave of your honorable court.

"4. That said appellant did not, at the time of taking said appeal, or at any other time, serve upon your petitioner a notice hereof, such as is provided by said section 427 of the Act of June 26, 1919, P. L. 642, 665."

On the same day, Aug. 21, 1922, this court granted the rule as prayed for, making it returnable to the first Monday of September, 1922.

On Sept. 5, 1922, an answer to the rule was filed by the American Mutual Liability Insurance Company, in which

(1) It admitted the action of the Workmen's Compensation Board related in the first paragraph of the petition.

(2) It admitted that it received notice from the Workmen's Compensation Board of its findings, which notice was received by it on July 14, 1922.

(3) It admitted that on July 25, 1922, it took an appeal and issued *certiorari* from this court.

(4) It admitted that the record was filed pursuant to said *certiorari*.

(5) It averred "that it is informed that notice was given to the claimant according to the regular requirements of the Workmen's Compensation Act at the time of the taking of the appeal."

(6) It averred "that it is informed that, upon the taking of the appeal aforesaid, no application was made immediately upon the filing of the appeal on behalf of the affiant for two reasons: First, because of the absence of a judge of your honorable court from the city when the said appeal was taken;

and, secondly, because it was believed by the attorney for your affiant that the claimant would agree to the filing of this appeal at the time without any special order allowing it to be filed *nunc pro tunc.*"

The answer is concluded with the request that the court dismiss the rule "and allow the appeal as filed," on the ground "that the notice was not received by your affiant, whose home office is in Boston, Massachusetts, until within ten days of the filing of the appeal; and, secondly, on the ground that, under the circumstances of the case, if the court deem it necessary, ground arises for the allowance of the appeal *nunc pro tunc.*"

On the same date (Sept. 5, 1922), the said American Mutual Liability Insurance Company, of Boston, insurer of the defendants, Bobrow Brothers, Inc., filed its petition, setting forth substantially the same facts as those contained in the petition of Estella M. Houck. The petition admits that "the Workmen's Compensation Board served notice to petitioners of the findings of the said board in the manner provided by law," but it avers "that the said notice was received (by it) at its Philadelphia branch office on Friday, July 14, 1922."

"That on Monday, July 17, 1922, the copy of the opinion of the Compensation Board was forwarded by the said branch office to the home office of the petitioner company at Boston, Massachusetts, where it was received on or about July 19, 1922.

"That the said office of the petitioner directed an appeal to be taken in this matter promptly upon receipt of the opinion authorizing and directing such appeal, which instructions were received by the branch office of your petitioner at Philadelphia, Pa., on July 24, 1922, whereupon instructions were sent to John A. Coyle, Esq., of Lancaster, Pa., to enter an appearance in the above case, and K. L. Shirk, Esq., associated with the said John A. Coyle, was authorized to execute said appeal. Pursuant to said instructions, . . . an appeal was entered . . . on July 25, 1922." The petitioner then avers that it acted promptly and with diligence and speed, under the circumstances.

The petition concludes by asking "that (this court) allow the filing of its appeal . . . *nunc pro tunc* as of within ten days allowed for such appeals."

On Sept. 18, 1922, the plaintiff, Estella M. Houck, filed her answer to the last recited petition, and practically admits all the averments contained in it, but denies the 7th paragraph, which avers "that the petitioner . . . acted with all promptness, diligence and speed in this matter, . . . under the circumstances in this case."

The answer also says "that the petitioner, appellant, did not, at the time of taking said appeal, or at any other time, serve upon your respondent, appellee, a notice thereof, such as is provided by section 427 of the Act of June 26, 1919, P. L. 642, 665." The answer repeats the averment contained in her petition filed, *i. e.*, that the appeal was not taken within the time prescribed by law.

The pleadings, it will be observed, require a double adjustment by this court; first, on the motion and rule entered thereon at the request of the plaintiff to strike off the appeal already entered in the office of the prothonotary; second, on the prayer of the petition of the defendant to allow the appeal to stand as if entered *nunc pro tunc.*

By agreement of the counsel in the case at the time of the argument, both requests are reduced to one controversy for the consideration of the court, to be disposed of in one opinion and ruling.

The first and main question involved in this controversy is the right of this court to allow an appeal after the statutory period has expired. "Where a

3 D. & C.

statute allowing appeals in certain cases provides that the appeal must be taken, or notice thereof served, within a fixed number of days after the rendition of judgment, it is mandatory as to the time: Black on Interpretation of Laws (2nd ed.), 569. "Courts have no dispensing power, even in matters of practice, when the legislature has spoken:" Construction of Statutory and Constitutional Law (2nd ed.), 277, by Sedgwick.

The Act of Assembly approved June 26, 1919, § 427, P. L. 642, 665, provides the manner and directs the practice when any party may appeal from any action of the Workmen's Compensation Board to the Court of Common Pleas. It expressly provides that "such appeal must be brought within ten days after the notice of the action of the board has been served upon such party."

In the case before us, it is apparent that the mandate of the act was not obeyed. The excuse given by the appellant, or delinquent party, is that, after the notice of the action of the board had been served upon its "branch office at Philadelphia," it forwarded said notice to the home office at Boston, Mass., and the time between the time of service and the entry of the appeal was consumed by mail deliveries Sundays and holidays. In these days of rapid railway transportation, telephone and telegraphic communication, we frankly express our opinion that the excuse does not meet the sanction of any one who has observed and practiced under modern business methods. But even if such an excuse could be made plausible, does it meet the requirements of the law? We do not think it does. The act allowing the appeal says: "It (the appeal) *must* be brought *within* ten days after notice of the action of the board has been served upon such party." This was not done, and there is no plea that the party appellant was prevented or retarded by fraud or the wrongful or negligent act of a court official. If the case would rest at this point, it would be ruled by the case of Wise *v.* Cambridge Springs Borough, 262 Pa. 139; but the defendant argues that that case interpreted the law as made by the legislature of 1915; and the Act of 1919, under which the privilege of entering this appeal *nunc pro tunc* is sought, has a curative clause, which provides that the "appeal must be brought within ten days after notice of the action of the board has been served, . . . unless any Court of Common Pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal." This argument puts upon this court the interpretation of the clause "shall, upon cause shown." "Cause," in this phrase, means that which produced the delay in entering the appeal. The inquiry then arises as to the legal sufficiency of such a cause.

It was said by Judge Stewart, of Northampton County, in Kaumagraph Co. *v.* Thissen Silk Co., 42 Pa. Superior Ct. 110: "While it is true that there is always an exercise of judicial discretion in this class of cases, yet it must be based upon something which gives the judiciary a right to set aside the provisions of a statute." Quoting the language we used in Rudy *v.* Troup, 67 Pa. Superior Ct. 160, 162: "There is a class of cases which have allowed appeals to be taken *nunc pro tunc*, but there are none which allowed such appeals because of the laches of the petitioner." The present case does not intimate that it, the defendant, was delayed by any fraudulent action, but, in our opinion, the explanation of the cause of delay shows an indifference on the part of defendant to that promptness and dispatch which the law always encourages. The last published announcement of our Supreme Court on this doctrine was made by Mr. Chief Justice Brown, in Wise *v.* Cambridge Springs Borough, 262 Pa. 139, where, in his opinion, he said (page 144): "Where no fraud or anything equivalent thereto is shown, such appeals cannot be allowed."

Houck v. Bobrow Brothers, Inc., et al.

It is evident in the case at bar that if the defendant, interested in this case as the evidence shows it to be, would have exercised proper attention to the plain mandates of the law, the appeal could have been entered within the statutory period. We feel that if we grant the prayer of the defendant's petition, we would be sanctioning such cause for delay in actions as would create a troublesome precedent. We do not believe that the excuses offered by defendant for not entering its appeal within the time prescribed by the legislature constitute such cause as the legislature contemplated when it gave the court power to extend the time set by the legislature when the Workmen's Compensation Act of 1919 was passed.

And now, Feb. 26, 1923, the rule to show cause why the appeal entered in the prothonotary's office should not be stricken off is made absolute, at the costs of the defendant, and the prayer of the defendant's petition for permission to enter the appeal *nunc pro tunc* is refused, at the costs of petitioner.

From Allen C. Wiest, York, Pa.