## Ambrose, Appellant, v. Laughlin.

*Justice of the peace—Appeals—Mandamus.*

A justice of the peace rendered judgment against a defendant. The latter appealed but the prothonotary refused to file the appeal because the transcript failed to show that judgment had been entered, and suggested that it be returned to the justice for correction. The defendant refused to do so. After the time for filing the appeal had expired the plaintiff issued execution. Defendant then applied for a mandamus to compel the justice to allow a new appeal. *Held,* that he was too late.

Where the failure to enter an appeal in time was due to the party's own lack of diligence, the Superior Court will not interfere, and where the default in filing is the result of the party's deliberate attempt to take advantage of a mistake or omission of the justice, the same conclusion will follow.

Argued April 16, 1923. Appeal, No. 38, April T., 1923, by plaintiff, from decree of C. P. Westmoreland Co., Feb. T., 1921, No. 317, refusing petition for mandamus in the case of Frank Ambrose v. Reynolds Laughlin, a Justice of the Peace of the Borough of New Kensington. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule for mandamus to a justice of the peace to issue a transcript and allow an appeal. Before COPELAND, P. J. and WHITTEN, J.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*John E. Kunkle,* for appellant.

*H. H. Dinsmore,* for appellee.

OPINION BY KELLER, J., July 12, 1923:

Appellant, Frank Ambrose, filed his petition in the Court of Common Pleas of Westmoreland County for a

writ of mandamus directed to Reynolds Laughlin, a justice of the peace of New Kensington, ordering him to issue a transcript and allow appeal from the judgment entered before him in the case of New Kensington Fibre Plaster Company against said Frank Ambrose. An alternative writ issued, to which the justice of the peace made return. The facts not being in dispute, a question of law was raised which was decided by the court in favor of the defendant, Laughlin. A peremptory writ was refused and judgment entered for the defendant.

The facts in the case are as follows: New Kensington Fibre Plaster Company brought an action in assumpsit against said Frank Ambrose before said Reynolds Laughlin, J. P., on June 23, 1920. The writ was issued returnable June 28, 1920, at 7:30 o'clock p. m. and served on the defendant, Ambrose, on June 23, 1920. Ambrose did not appear at the hearing and judgment was entered against him the same day for $122.18 and costs of suit. On June 30, 1920, he appeared before the justice and appealed from the judgment, made the necessary appeal affidavit and entered bail absolute as provided by law and paid the justice the cost of the transcript and appeal. The justice made out the transcript and appeal papers and handed them to Ambrose and he in turn gave them to his attorney, H. K. Shaffer, to be filed in the prothonotary's office. The attorney sent the papers thus received from the justice to the prothonotary to be filed, but the latter returned them calling attention to the fact that the transcript failed to show that any judgment had been entered against the defendant, and suggested that it be taken to the justice for correction, and after being corrected that it be returned to the prothonotary to be filed. Instead of complying with the prothonotary's suggestion and having the transcript corrected, Ambrose did nothing, but elected to rely on the record as set forth in the transcript, which failed to show any judgment entered against him, though it set forth an appeal by him from a judgment, and the affidavit for

437, (1923).]          Opinion of the Court.

appeal accompanying it showed that judgment had been entered for $122.18. On December 4, 1920, a writ of execution was issued on said judgment, and the defendant, Ambrose, thereupon applied to the justice for a new transcript and appeal which were refused. The mandamus proceedings followed.

We agree with the learned court below that the neglect in this case to have the transcript and appeal filed in the prothonotary's office within the time fixed by law was chargeable to the defendant or his attorney. "The very thing that the defendant before the justice of the peace and the plaintiff in this proceeding now demand is exactly what he could have had within the proper time if he had asked the justice of the peace to correct the transcript; and not having done so he is barred of the right to have the justice allow the appeal at this time."

It has been ruled that if without fault of his, a party desiring to appeal from a judgment of a justice of the peace, is prevented from doing so by the act of the latter, an appeal may be allowed nunc pro tunc if asked for in a reasonable time: McIlhaney v. Holland, 111 Pa. 634; but we have also held that if the court finds on sufficient evidence that the failure to enter the appeal in time was due to the party's own lack of diligence, we will not interfere: Patterson v. Gallitzin B. & L. Assn., 23 Pa. Superior Ct. 54. See also, Rudy v. Troup, 67 Pa. Superior Ct. 160. The same conclusion follows where the default in filing is the result of the party's deliberate attempt to take advantage of a mistake or omission of the justice.

The judgment is affirmed.