## Chester Auto Radiator Company v. Cardile.

*Practice, J. P.—Appeal—Striking off—Appeal nunc pro tunc.*

Where failure to appeal from a judgment of the justice of the peace within the statutory period is in consequence of an act of the magistrate, an appeal may be allowed *nunc pro tunc*, if asked for within a reasonable time, and if the magistrate of his own motion permits an appeal to be taken, it will not be stricken off.

Rule to show cause why appeal should not be stricken off. C. P. Delaware Co., Dec. T., 1922, No. 998.

*John A. Poulson*, for rule; *John M. Broomall*, contra.

BROOMALL, J., May 12, 1924.—The plaintiff obtained a judgment against the defendant before a magistrate on Jan. 16, 1923. The time for the appeal expired on Feb. 5, 1923. The magistrate advised the defendant that the time for an appeal would expire on Feb. 15, 1923. Accordingly, on Feb. 10, 1923, the defendant appealed and complied with the necessary requirements of the law. The appeal was filed in this court on Feb. 14, 1923. On Feb. 23, 1923, the plaintiff took this rule to show cause why the appeal should not be dismissed and stricken from the record.

It sufficiently appears that the default of the defendant to appeal in time was attributable to the mistaken advice of the magistrate. It has long been an established principle that where the default to appeal is in consequence of the act of the magistrate, an appeal may be allowed *nunc pro tunc*, if asked for in reasonable time: McIlhaney *v.* Holland, 111 Pa. 634. Here, the magistrate allowed the appeal, apparently recognizing that the default of the defendant was ascribable to him.

It, therefore, follows that plaintiff's rule to show cause why the appeal should not be dismissed cannot be supported, and, therefore, its rule is dismissed.

From A. B. Geary, Chester, Pa.