## Winn's Petition.

*Appeal—Nunc pro tunc—Audit—Delay in docketing.*

1. Although the statutory period for filing an appeal from the report of borough auditors is one month, yet where the report has been filed but not put upon the docket for several weeks, an appeal will be allowed *nunc pro tunc.*

2. The negligence here was not that of the appellant, but of the court official, and such a situation should not prejudice a just right of appeal.

Appeal *nunc pro tunc.* C. P. Luzerne Co., July T., 1926, No. 1227.

*J. D. Farnham,* for petitioner.

JONES, J., Feb. 11, 1927.—Thomas Winn, a real estate owner and taxpayer in the Borough of Duryea, presented a petition to this court and secured a rule upon the auditors of the borough to show cause why he should not be permitted to file an appeal from the statement and report of audit of the accounts of the officers of the borough for the fiscal year 1925, *nunc pro tunc;* the court directed a copy of the rule to be served upon the auditors and officers of the borough, whose accounts are involved in the report of audit.

No answer having been filed, the facts averred in the petition must be taken as true, namely, that the auditors audited, adjusted and settled the accounts of the tax collector and all officers of the borough for the fiscal year 1925, presenting a report thereof and an itemized statement of receipts and expenditures of the several officers to the borough council on April 12, 1926; that

petitioner, having knowledge of the contents of the statement and audit, and desirous of taking an appeal therefrom, examined the records of the Clerk of the Court of Quarter Sessions daily subsequent to April 12th, but found no record of the filing of the audit until May 16, 1926, when a notation upon the Quarter Sessions docket was discovered, noting that the statement and audit had been filed as of April 16th; that, by reason of the fact that the record disclosed no filing of the statement and report, the period of thirty days allowed for taking an appeal had expired before the discovery was made; he, therefore, asked the right to file an appeal from the statement and report of audit *nunc pro tunc.*

The Borough Code of May 14, 1915, ch. 7, art. IV, § 4, P. L. 312, provides: "It shall be lawful for the borough or any taxpayer thereof, on its behalf, or any officer whose account is settled or audited, to appeal from settlement or audit to the Court of Common Pleas of the county within thirty days after the statement has been filed in the Court of Quarter Sessions."

The audit was filed on April 16th, but not entered upon the docket or records of the office until May 16, 1926, and although diligent inquiry and search had been made prior thereto, the fact that the report was filed on April 16th was not discovered until June 3rd.

The filing of a paper can only be effected by bringing it to the notice of the officer who anciently put it upon a string or wire; filing a paper is now understood to consist of placing it in the proper official custody on the part of the party charged with the duty of filing the paper and the making of the appropriate endorsement by the officer: 25 Corpus Juris, 1126, foot-note 46 *(a)*.

The dockets have now supplanted the string or wire upon which the papers were anciently placed, and while the auditors' report may be held to have been filed within the letter of the act, yet a person bound by the filing should be informed, upon inquiry, of the fact of the filing, and where it is the custom to docket the entry of the filing, a person who examines the dockets or records for the purpose of ascertaining the fact whether or not a paper has been filed should not be deprived of his right to an appeal, if the fact of filing has been kept off the records, as in this case for a period of one month, for reasons not disclosed.

Where the act of assembly fixes the time within which an act must be done, as, for example, an appeal taken, courts have no power to extend it, or to allow the act to be done at a latter day, as an act of indulgence, . . . but where a party has been prevented from appealing by fraud or by the wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal: Wise *v.* Cambridge Springs Borough, 262 Pa. 139; Zeigler's Petition, 207 Pa. 131; York County *v.* Thompson, 212 Pa. 561.

It has been ruled that if, without fault of his, a party desiring to appeal from a judgment of the justice of the peace is prevented from doing so by the act of the latter, an appeal may be allowed *nunc pro tunc* if asked for in a reasonable time: McIlhaney *v.* Holland, 111 Pa. 634; Ambrose *v.* Laughlin, 81 Pa. Superior Ct. 437.

The petition was served upon the auditors, the treasurer, members of the council, tax collector, secretary of the council, burgess and all parties in interest, and no answer filed, and petitioner, having asked for leave to file his appeal *nunc pro tunc* within seven days after discovery that the report was filed, should be given the right to an appeal.

In Plains Township Audit, 15 Pa. C. C. Reps. 408, Judge Rice allowed an appeal *nunc pro tunc* from the report of township auditors upon the ground

that the appellant had been misled by the town clerk and had consequently filed to file his appeal in time, holding that the granting of appeals *nunc pro tunc* is within the equitable powers of the court.

Under the allegations of this petition, equitable relief is given the, petitioner by allowing him to file an appeal from the report of the auditors and to be filed *nunc pro tunc* as of the time fixed by the statute.

From Frank P. Slattery, Wilkes-Barre, Pa.