## Bethel and Mt. Aetna Telep. & Teleg. Co. v. Eckert et al.

*Stevens & Lee*, for petition; *Silas R. Rothermel*, contra.

SHANAMAN, J., June 9, 1930.—Plaintiff sued defendants in assumpsit before a justice of the peace and obtained a judgment on Nov. 12, 1928. The Act of March 20, 1810, § 4, 5 Sm. Laws, 163, provides for an appeal to the common pleas within twenty days after judgment, bail to be entered within that time, and the transcript to be filed with the prothonotary on or before the first day of the next term after bail entered. If bail is entered on the twentieth day, the appellant may file the transcript on or before the return day next after the expiration of the twenty days: Long *v.* McCormick, 1 W. N. C. 134. The transcript indicates an appeal taken and bail entered on Dec. 4, 1928, the word "November" appearing inadvertently for "December." This was too late. Dec. 2nd was the twentieth, and, therefore, the last day on which the appeal could be taken. Had defendants done so, they could have filed the transcript on or before the next return day thereafter, *i. e.*, on the second Monday in December. However, the transcript was not filed by them till Dec. 26th. In this second delay they were for a second time fatally tardy.

Neglect to appeal within the statutory period does not warrant the court in overruling the statute by allowing an appeal *nunc pro tunc:* Rudy *v.* Troup, 67 Pa. Superior Ct. 160. An appeal *nunc pro tunc* may be permitted so as to prevent injustice, when the delay appears to have been caused by the act or misadvice of the justice: Patton, Common Pleas Practice (1927), page 28. Accordingly, on Dec. 24th, defendants moved for leave to file an appeal *nunc pro tunc*, and alleged, *inter alia*, that the justice had misadvised them to the effect that they had twenty-one days within which to appeal. It may be noted that even if this were true, there is no allegation that they appeared and

offered bail on the twenty-first day. Their petition was granted, to which plaintiff has filed a motion to strike off the appeal. The justice has filed an answer to the defendants' petition, in which the justice clearly and precisely answers and denies the vague allegations of defendants' petition. No depositions have been taken, and on the record we have no hesitation in concluding that the delay in appealing was not due to any act of the justice, and that the defendants have shown no just cause to permit their appeal *nunc pro tunc.*

And now, to wit, June 9, 1930, the permission granted defendants to appeal *nunc pro tunc,* by the order of Dec. 24, 1928, is revoked, the appeal entered is stricken off and the stay of proceedings is removed.

From Charles K. Derr, Reading, Pa.