## Conroy v. Burda

*Frederick I. Charles*, for plaintiff.
*James L. Weirbach*, for defendants.

Koch, J., March 11, 1958.—We have before us the disposition of a petition for the allowance of an appeal nunc pro tunc from the judgment of an alderman. A rule was granted, an answer filed and dispositions taken. Security in the sum of $250 was entered.

It appears that John E. Conroy, trading as Conroy's, instituted an action in assumpsit against petitioners seeking to recover $121.97. Petitioners appeared for a hearing before the alderman, Richard J. Snyder, on July 6, 1954. Because of the failure of plaintiff to appear, the alderman continued the matter. At a subsequent hearing, defendants (petitioners) failed to

appear. The deposition of the alderman indicates that no judgment was entered and that the suit is still pending on his docket.

On December 28, 1955, plaintiff instituted another suit on the same cause of action before Alderman Robert R. Williams. It seems that petitioners failed to appear for a hearing and judgment was entered against them. After the expiration of the appeal period, a constable levied on the household goods on February 10, 1956, and on February 20, 1956, we issued the rule which was presented to us for disposition on February 25, 1958.

Ordinarily, an appeal nunc pro tunc will not be allowed because of the laches of petitioner: Rudy v. Troup, 67 Pa. Superior Ct. 160. However, the testimony before us indicates that there is present the important factor that there was a pending suit on the same issue before another alderman. In Cleveland R. R. v. Erie, 27 Pa. 380, the Supreme Court clearly indicated that a party cannot be doubly vexed by two proceedings for the same cause carried on against him at the same time. See, also, Stout v. Werstner, 8 Dist. R. 507.

Coupled with the pendency of a prior suit, we cannot overlook the fact that the deposition of petitioners indicates that they have the defense of payment. It appears to us, therefore, that this is a proper case to exercise our discretion and allow the appeal. We can find no appellate court decisions dealing with this state of facts, but at least two lower court cases have been called to our attention. In McNulty v. McCarty, 4 W. N. C. 478, and Schoneman v. Sternberger, 7 W. N. C. 111, it has been held that where a defendant who has been led into inaction by mistake and swears to a good defense, he will be permitted to file his appeal nunc pro tunc.

420

*Order*

And now, March 11, 1958, the rule to show cause why an appeal nunc pro tunc should not be allowed is made absolute.