## Hummel Furniture Co. v. Matthews

*Wardell F. Steigerwalt*, for plaintiff.
*Allan L. Cutshall*, for defendants.

HENNINGER, P. J., July 14, 1959.—Defendants have petitioned the court to allow an appeal nunc pro tunc from an alderman's judgment against them for $78.91.

The petition sets forth a defense presented to the alderman and plaintiff filed no answer to the allegation.

The petition also sets forth that the alderman notified defense counsel on July 29, 1958, that he had entered judgment against defendants. In fact, the transcript shows that such judgment had been entered on July 18, 1958, the date of the hearing, although the alderman had then stated that he was holding the case under advisement.

Defense counsel immediately and orally ordered a transcript and on the same date wrote the alderman

demanding a transcript, which the alderman promised to furnish at his convenience. The transcript was never furnished and on February 2, 1959, plaintiff filed in the prothonotary's office a transcript to above term and number whereupon defendants on February 9, 1959, presented this petition for the allowance of an appeal nunc pro tunc.

As we understand defendants' argument, they would have us find fraud in the justice's dating his judgment back to July 18, 1958, and in failing to furnish a transcript. He relies upon Beachel v. Hile, 12 D. & C. 2d 606, 611, where the following language is found:

". . . It is accepted law that if without fault of his, a party desiring to appeal from a judgment of the justice of the peace is prevented from so doing by the act of the latter, an appeal may be allowed nunc pro tunc if asked for in a reasonable length of time: Ambrose v. Laughlin, 81 Pa. Superior Ct. 437, 439; Shoup v. Worstell, 15 Beaver 7."

It is to be noted in our case that the furnishing of a transcript bore no relation to the right to or procedure concerning an appeal. If there is any action against the justice on his broken promise, accepting as verity the undenied allegations, defendants may still pursue their remedies.

The requisite procedure to take an appeal was for defendants to enter their appeal before the justice and *then* demand a transcript for filing in the office of the prothonotary. If the justice had thereupon refused a transcript until after the time fixed for filing the appeal, an action for filing nunc pro tunc would have been in order.

If, on the information furnished by the justice that judgment had been that day (July 29, 1958) entered, defendants had attempted to appeal within 20 days after July 29, 1958, and the justice would have maintained that it was too late because, contrary to his

statement or promise, judgment had in fact been entered on July 18, 1958, this case would be on all fours with the Beachel case.

But the misstatement as to the date of entry of judgment and the broken promise to furnish a transcript had no bearing upon the failure to appeal because: (1) Defendants made no attempt to appeal within 20 days after July 29, 1958, and (2) the obtaining of a transcript before appeal had no bearing upon the right or necessity to appeal.

Defendants have presented no good reason for not having appealed within the time allowed and therefore their petition to appeal nunc pro tunc must be denied.

Now, July 14, 1959, defendants' rule to show cause why an appeal should not be allowed nunc pro tunc is discharged.