[ Philadelphia, April 2d, 1840. ]

## SHERWOOD *against* M'KINNEY.

### IN ERROR.

Where a justice of the peace who had given judgment against a defendant promised him to make out a transcript and deliver it to the defendant's attorney, and the justice made out the transcript but did not to deliver it to the attorney ; in consequence of which it was not filed in season ; it was *held*, that the neglect was that of the party, and not official in the justice, and therefore that the appellant was not entitled to relief.

Error to the Common Pleas of Montgomery County.

Daniel M'Kinney brought an action before a justice of the peace against Samuel Sherwood and obtained a judgment ; from which the defendant appealed on the 3d of September, 1839 ; but the transcript from the justice's docket was not filed before the first day of the next term of the Common Pleas.

On the 19th of November, 1839, the Court of Common Pleas granted a rule to show cause why the transcript should not be filed *nunc pro tunc*, on the filing of the following affidavit.

"Samuel Sherwood, the defendant in the above case, on his solemn oath duly administered, says, that on the third day of September last, A. D., 1839, he appealed from the judgment of the justice in the above case, and entered bail, himself in fifty dollars, and John Potts, of the borough of Norristown, in the same sum of fifty dollars to prosecute his suit with effect. That on the same day he requested the said justice to make out a transcript of his proceedings in the said case ; that the said justice informed him that he had not leisure to make out a transcript that day, but he would make the same out and furnish it to this deponent in a few days. That this deponent thereupon requested the said justice to hand the said transcript, whenever it should suit his convenience to make it out, to Daniel H. Mulvany, the counsel for this deponent, which the said

(Sherwood *v.* M'Kinney.)

justice said he would do. That in a few days afterwards, in the same month of September, this deponent called on his said counsel, and ascertained that the said transcript ·had not been delivered to him by the said justice ; that he thereupon requested his counsel to give his attention to the matter of procuring the said transcript. That some time in the month of October, he was informed by his said counsel, that he had called on the said justice in reference to the said matter ; and that the said justice had informed him that he had not as yet prepared the transcript, but that he would certainly do so by the first day of Court, (to wit, the first day of November Term, 1839,) and hand it to him ; that his said counsel added that he had no doubt the justice would furnish him with the transcript in time to have it entered up, according to his promise ; and that he the said counsel, would enter it up as soon as he received it from the justice : that thereupon this deponent rested satisfied in the belief that the said justice would furnish his said counsel with the said transcript in time to have the same entered up in the office of the prothonotary, on or before the first day of the present November Term, 1839 : that he called at the office of the prothonotary this day, being the second day of the said term, and found that the said transcript had not been entered up : that on inquiry he ascertained that the said justice had omitted to furnish the said transcript to the counsel of this deponent, and that the said justice informed this deponent that he had entirely forgotten so to do."

" Isaiah W. Davis, on his solemn affirmation duly administered, says, that he is the justice of the peace before whom the within stated case was tried : that after the defendant appealed from the judgment, this deponent was requested by him, and also by his counsel, D. H. Mulvany, to make out a transcript, in·order to have it filed in the office of the prothonotary, before the first day of November Term then next ensuing : that this deponent promised and intended to make out the transcript, and hand it to D. H. Mulvany, in time for the November Term : that he did make out the transcript, but he forgot to deliver it to the counsel of the defendant ; and the matter entirely escaped his recollection, until he was called upon this morning by Mr. Sherwood, in reference to the transcript."

On the 19th of December, 1839, the Court of Common Pleas refused the rule : whereupon this writ of error was taken.

Mr. *Mulvany* for the plaintiff in error.

Mr. *Hazlehurst,* contra, relied upon *Houk* v. *Knop,* (2 *Watts,* 72.)

PER CURIAM.—This case is entirely within the principle of *Houk* v. *Knop.* There was no neglect of anything that appertained to the official duty of the justice ; who had the transcript ready for delivery within the time. Instead of attending to the filing of it in

(Sherwood v. M'Kinney.)

his proper person or by his counsel, the appellant committed it to the justice; and the negligence which ensued was consequently his own.

· Judgment affirmed.