## Patterson *v.* Gallitzin Building & Loan Association, Appellant.

*Legal holidays—Holidays—Justice of the peace—Appeals.*

The fact that Labor Day is one of the days designated in the Act of June 23, 1897, P. L. 188, as a holiday for certain purposes, is not sufficient to exclude it from the count in determining when the time for an appeal from a judgment of a justice of the peace expires.

*Justice of the peace—Appeals—Nunc pro tunc—Lack of diligence.*

If without fault of his, a party desiring to appeal from a judgment of a justice of the peace is prevented from doing so by the act of the latter, an appeal may be allowed nunc pro tunc, if asked for in a reasonable time, but if the court finds on sufficient evidence that the failure to enter the appeal in time was due to the party's lack of diligence, the appellate court will not interfere.

Argued May 4, 1903. Appeal, No. 115, April T., 1903, by defendant, from order of C. P. Cambria County, Dec. T., 1902, No. 10, refusing appeal nunc pro tunc in case of F. G. Patterson v. Gallitzin Building & Loan Association. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, and HENDERSON, JJ. Affirmed.

Rule for leave to take appeal nunc pro tunc. Before O'CONNOR, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order discharging rule.

*Thomas J. Itell*, with him *William H. Sechler*, for appellant.— The appeal should have been allowed: Schrope v. Cauley, 2 Pa. Dist. Rep. 48; Kutz v. Skinner, 7 Pa. Superior Ct. 346; Cochran v. Parker, 6 S. & R. 549; McIlhaney v. Holland, 111 Pa. 634; Snyder v. Snyder, 7 Phila. 391; Henderson v. Risser, 9 Pa. Dist. Rep. 505; Snyder v. Kemper, 15 Lancaster Law Rev. 116; Linville v. Dalsam, 5 W. N. C. 528.

*Philip N. Shettig*, with him *F. G. Patterson*, for appellee.— Decision upon matters within the discretion of the court below will not be reversed, unless it is apparent that there has been an abuse of such discretion: Bower v. Blessing, 8 Sergeant & Rawle, 243; Kalbach v. Fisher, 1 Rawle, 323; Compher v. Anawalt, 2 Watts, 490; Wernet's Appeal, 91 Pa. 319; Earley's App., 90 Pa. 321.

Appeals from the judgments of justices of the peace and magistrates will not be allowed to be taken and filed nunc pro tunc after the twenty days have expired, unless it is shown that defendant has used due diligence and made every effort possible to perfect such appeal within the twenty days: Bechtel v. Leinbach, 1 Woodward, 470; Houk v. Knop, 2 Watts, 72; Sherwood v. McKinney, 5 Wharton, 435; Detwiler v. Smith, 14 Montgomery County Law Reporter, 61.

OPINION BY RICE, P. J., May 22, 1903:

Judgment was regularly entered by the justice on August 12, 1902. On Tuesday, September 2, 1902, the plaintiff obtained a transcript of the judgment and entered it in the common pleas. On the same day an officer of the defendant company appeared before the justice for the purpose of taking an appeal which was refused because, as the justice held, the time for appeal had expired. He was unquestionably right in so holding unless it be the law that when the twentieth day after judgment falls on Labor day the party desiring to appeal has until the following day to do so. The Act of June 23, 1897, P. L. 188, regulating holidays, declares that certain days and half days "shall, for all purposes whatever as regards the presenting for payment or acceptance, and as regards the protesting and giving notice

of the dishonor of bills of exchange, checks, drafts and promissory notes, made after the passage of the act, be treated and considered as the first day of the week, commonly called Sunday, and as public holidays and half holidays." A subsequent clause of the section seems at first glance, when separated from the context, to give the act a wider scope and to make the days and half days mentioned public holidays and half holidays for all purposes whatsoever as regards the transaction of business. But this is immediately followed by the provision that nothing contained in the act shall be construed " to prevent or invalidate the entry, issuance, service or execution of any writ, summons, confession of judgment, or other legal process whatever on any of the holidays or half holidays herein designated as holidays," etc., and the act concludes with the following section: "All the days and half days herein designated as legal holidays shall be regarded as secular or business days for all other purposes than those mentioned in this act." The " other purposes " here referred to are those not designated in the enacting clause. This section leaves no doubt as to the applicability of the maxim expressio unius exclusio est alterius, and precludes the idea that the days and half days mentioned are, for all purposes, to be treated and considered as the first day of the week commonly called Sunday. According to the justice's testimony he kept his office open for the transaction of business during the business hours of September first. An appeal entered on that day would have been valid. As a matter of fact the defendant might have entered its appeal on that day. The mere fact that it was one of the days designated in the act of 1897 as a holiday for certain purposes was not sufficient to exclude it from the count in determining when the time for appeal expired. This precise question did not arise in Robeson v. Pels, 202 Pa. 399, but the conclusion we have reached is in entire harmony with the construction of the act of 1897 given in that case.

It further appears that an effort to appeal was made on August 28, but although it is shown that the justice was absent from his office part of that day there is some ground for believing that if the defendant had been diligent he might have been found. But, be that as it may, the fact remains that nothing deserving to be called an attempt to enter the appeal was done, excepting on that day, until after the time for appeal had ex-

pired. The court held that the defendant had not exercised that diligence which was necessary to entitle it to the extraordinary relief prayed for, and accordingly discharged the rule. If without fault of his a party desiring to appeal from a judgment of a justice of the peace is prevented from doing so by the act of the latter, an appeal may be allowed, nunc pro tunc, if asked for in reasonable time : McIlhaney v. Holland, 111 Pa. 634. Such application is addressed to the sound discretion of the court of common pleas, and its action will not be set aside by us except for very plain abuse of discretion : Kutz v. Skinner, 7 Pa. Superior Ct. 346. The refusal of the application in this case was based on a finding that the failure to enter the appeal was due to the party's lack of diligence, which finding was fully warranted by the evidence. There was no abuse of discretion ; on the contrary it appears to have been wisely exercised.

Order affirmed and appeal dismissed at the costs of the appellant.