# Kaumagraph Company *v.* Thissen Silk Company, Appellant.

*Justice of the peace—Appeals—Nunc pro tunc—Negligence of counsel.*

The neglect of counsel in reading only part of a notice intended to guide attorneys as to the dates of terms, and the placing of a wrongful construction on such reading, will not entitle a defendant represented by the attorney, to an appeal nunc pro tunc from the judgment of a justice of the peace after the time for appeal has expired.

Argued Dec. 9, 1909. Appeal, No. 172, Oct. T., 1909, by defendant, from order of C. P. Northampton Co., Dec. T., 1909, No. 25, discharging rule for allowance of an appeal nunc pro tunc in case of Kaumagraph Company v. Thissen Silk Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for allowance of an appeal nunc pro tunc.

STEWART, J., filed the following opinion:

This was a rule on the plaintiff to show cause why the defendant should not be permitted to file an appeal from the judgment of a justice of the peace with the same force and effect as if it had been filed at or before November last, and staying an execution issued. The petition stated that judgment was entered on October 20, 1908, against the defendant; that on November 4, an appeal was taken from the judgment; that defendant's attorney did not tender the appeal to the prothonotary until November 14, when the prothonotary refused to enter it on the ground that November Term com-

menced on November 9, and that he was too late; that defendant's attorney was misled by the calendar printed on the first page of the Northampton County Law Reporter, which did not refer to the second Monday of November as a regular term. It also set forth that defendant's attorney did not appear before the justice, and did not at once enter the appeal on account of ill-health, and it set forth that it had a full and complete defense to the entire claim of the plaintiff without, however, mentioning the particulars of the defense. An answer was filed, denying that the defendant's counsel was prevented from attending "to his ordinary and usual duties as a practitioner at law" between November 4 and November 9, and denying the fact that November Term was omitted from the regular term of court in the Northampton County Reporter, and denying that the defendant had any defense to the plaintiff's claim. We do not propose to decide the question at this time whether the petition ought not to set forth the particulars of the defense. In Shrope v. Cauley, 3 North. 281, Judge Schuyler held as follows: "A defendant seeking an appeal from a judgment of a justice of the peace, who offers to do everything required of him by law to perfect his appeal and fails in his purpose through a mistake of the justice, will be allowed to enter his appeal nunc pro tunc, without reference to the question whether he has any defense or not." In Anderson v. Mergelkamp, 8 Del. 586, it was held: "An appeal nunc pro tunc will be refused where the petition and affidavit aver a direct defense but fail to state the nature of it and the plaintiff denies that defendant has any defense, nor will mistake of counsel in construing the statute justify such appeal." In Zeigler's Petition, 207 Pa. 131, Mr. Justice Potter, after discussing the cases relating to appeals nunc pro tunc, said: "Where a petition for an appeal nunc pro tunc from report of county auditors avers fraud in procuring the report, the question raised should not be summarily disposed of on petition and demurrer. In such a case the demurrer should be overruled with leave to the county treasurer and his sureties to answer; and on answer, or in default thereof, the court should be informed by depositions as

to the real facts in connection with appellants' allegations of
fraud, and, if then satisfied that relief ought to be granted
the judgment should be opened and the appeal allowed."
It is not necessary for us to decide this matter at the present
time, but we think that the view indicated in this last case
should apply to cases like the present, because appeals should
not be granted unless the court is satisfied that the defendant
has a defense. It is unnecessary to cite authorities to show
that the negligence or forgetfulness or sickness or absence of
counsel will not avail parties in applications to enter appeals
nunc pro tunc. We lately examined the general subject in
Matta v. Sacchetti, 11 North. 210, also reported in 17 Pa.
Dist. Rep. 797, and the matter has been several times before
this court in the past few years under varying circumstances.
It is, however, insisted that the Northampton County Re-
porter is the official reporter of this court, and that defendant's
counsel was misled by the court calendar. As a matter of
fact in the court calendar following the names of the cases,
the expression "Regular Term," is not used at all. Under
the words February, April, June, September and December,
the words are "Regular, Criminal," and under July the word
is simply "Regular." Immediately below the calendar, it is
set forth: "There shall be held annually seven regular terms
of the several courts of Northampton county, beginning re-
spectively on the second Monday of February, April, June,
July, September, November and December." We do not
think that it can fairly be said that the calendar is mislead-
ing, as it must be supposed that the whole of a subject-
matter will be read, and that a party will not rely upon a par-
tial reading of a notice. Lawyers must be presumed to be
familiar with the order of court, fixing the terms of court.
In the present case the forgetfulness of counsel is precisely the
same as the forgetfulness of counsel in Ward v. Letzkus, 152
Pa. 318. In the syllabus of that case it is said "the court has
no jurisdiction to permit the appeal to be filed nunc pro
tunc." These exact words are not found in the opinion, but
the statement is a correct one. After referring to the act of
assembly, requiring that appeals should be filed on or before

the next monthly return day, Mr. Justice PAXSON said:
"This is the command of the act of assembly, and without
saying that under no circumstances could the court of com-
mon pleas allow an appeal nunc pro tunc, we are quite sure
it should not have been done in this case. No reason is given
beyond the neglect of counsel." This same doctrine is re-
ferred to in Harris v. Mercur (No. 1), 202 Pa. 313, where it was
held: "When a statute fixes the time within which an act must
be done, the courts have no power to enlarge it, although it
relates to a mere question of practice." It was contended
that the doctrine of the first case was changed by Schren-
keisen et al. v. Kishbaugh, Coslett, et al., 162 Pa. 45. We do
not so understand the case. It reaffirms the doctrine of the
first case by name, and Judge MITCHELL goes on to say:
"But where in due and regular course the case comes before
the court for its .action, whether interlocutory or final, the
court has an inherent and necessary power to stay all pro-
ceedings, including the running of the statutory period of
appeal, while the matter is resting sub judice. Otherwise no
motion could be made, or relief in any form asked, without
risk that time occupied by the court in necessary deliberation
or in more urgent business, might deprive the party of his
rights without fault of his own, and without remedy." It
was contended that the entire matter was one depending on
judicial discretion, and Kutz v. Skinner, 7 Pa. Superior .Ct.
346, and Patterson v. Gallitzin Building & Loan Association,
23 Pa. Superior Ct. 54, were cited in support of this view.
While it is true that there is always an exercise of judicial
discretion in this class of cases, yet it must be based upon
something which gives the judiciary a right to set aside the
provisions of a statute. Mr. Justice MITCHELL speaks of it
as an "inherent and necessary power." The question remains,
when shall it be exercised? In Kerr v. Rodgers, 9 Phila. 525,
Judge PAXSON said: "The frequency of these applications
admonishes us that we ought not to relax the rules of law ap-
plicable to such cases. Nothing short of an act of assembly
can give a man an appeal when he last lost his right thereto
by neglect. There is a class of cases, the number of which we

do not feel disposed to increase, in which it has been held that a defendant may be allowed to file his appeal nunc pro tunc. Thus, where a defendant made an effort to appeal; had exercised due diligence, and had been prevented from taking his appeal by the absence from the county, or sickness of the alderman; or by a refusal of the latter to take the bail or give the defendant a transcript, the latter has been allowed to enter his appeal after the twenty days have expired." That is a mere classification. In Zeigler's Petition, 207 Pa. 131, Mr. Justice POTTER examined a number of cases to discover the underlying principle, and he sums up the matter as follows: "In the exercise of its equitable powers, the court will reach far to prevent the triumph of fraud. As was said by this court in Cochran v. Eldridge, 49 Pa. 365 (370), 'when it is alleged on adequate proofs that a judgment in whole or in part has been obtained by a suppression of the truth which it was the duty of the party to disclose or by the suggestion of a falsehood or by any of the infinite and therefore undefinable means by which fraud may be practiced, no court will allow itself, its records, and the process of law to be used as instruments of fraud.'" This it seems to us, is a correct statement of the principle upon which a court ought to act in applications of this kind. The present case is not a case where the defendant's attorney was, in any way, fraudulently misled or deceived by anything on which he had a right to rely. He simply read part of a notice printed for the convenience of members of the bar, placed his own construction on that which he read, and neglected to read that which would have given him the information he desired. The ground of the application is negligence, and not deception. Our discretion can only be exercised in the latter case.

And now, January 11, 1909, rule to show cause is discharged.

*Error assigned* was the order of the court.

*H. M. Hagerman,* for appellant.

*J. W. Paff,* of *Smith, Paff & Laub,* for appellee.

Per Curiam, March 3, 1910:

This is an appeal from the discharge of a rule to show cause why the transcript of appeal from a justice of the peace should not be permitted to be filed nunc pro tunc, the transcript not having been filed on or before the first day of the next term after the appeal was taken.

Upon the most liberal view that may be taken of the power of the court in such cases, the learned judge has shown quite clearly in the opinion filed by him, that the application was properly refused. We can add nothing profitable to what he has said.

The order is affirmed at the costs of the appellant.