## Law *v.* Groves, Appellant.

*Justice of the peace—Appeals—Appeal nunc pro tunc.*

An appeal from a judgment of a justice of the peace will not be permitted to be filed nunc pro tunc after the expiration of the statutory period on the defendant's testimony that the justice had promised to mail the transcript to him, but had failed to do so; and such a decision is all the more justified where the justice and his clerk testify that the transcript was properly mailed in ample time in an envelope showing the justice's address, and that it was never returned, and where it also appears that the defendant had ample time before the return day within which to appear personally before the justice and demand the transcript.

Argued April 19, 1911. Appeal, No. 114, April T., 1911, by defendant, from order of C. P. No. 4, Allegheny Co., First Term 1911, No. 305, discharging rule for an appeal nunc pro tunc in case of James Thomas Laws v. Joseph Groves. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule for the allowance of an appeal nunc pro tunc.
The opinion of the Superior Court states the case.

*Error assigned* was the order discharging the rule.

*F. C. Whitesell,* of *Whitesell Brothers,* for appellant.— A party cannot be deprived of his right of appeal by the willful or accidental omission of a justice of the peace after he is ready and willing to comply with all the legal perquisites to an appeal: Louderback v. Boyd, 1 Ash. 380.

An appeal nunc pro tunc will be allowed whenever the appellant has been prevented from entering his appeal by the action of the alderman, or justice of the peace: Snyder v. Snyder, 7 Phila. 391; McNulty v. McCarty, 4 W. N. C. 478; Louderback v. Boyd, 1 Ash. 380; Crawford v. Stewart, 47 Pitts. Leg. Jr. 123; McIlhaney v. Holland, 111 Pa. 634; Sloan v. Boyd, 1 Pitts. Leg. Jr. 50.

*J. Welfred Holmes*, for appellee.—The filing of an appeal nunc pro tunc will not be allowed because of the neglect, default or ignorance of appellant: Humphreys v. Darling & Co., 6 Kulp, 200; Hibbs v. Stines, 8 Phila. 236; Ward v. Letzkus, 152 Pa. 318; Brown v. Garlock, 32 Pa. C. C. Rep. 5; Wilson v. Hathaway, 8 Phila. 235; Bellas v. Gommer, 6 Kulp, 439; Kichline v. Shimer, 2 Pa. Dist. Rep. 355; Orth v. Groff, 4 Del. County Rep. 348; Anderson v. Mergelkamp, 8 Del. County Rep. 586; Dobson v. Fell, 14 W. N. C. 456; Kutz v. Skinner, 7 Pa. Superior Ct. 346.

PER CURIAM, July 13, 1911:

Bail for appeal from the judgment of the justice of the peace was entered on October 13, 1910, and the transcript should have been filed in the common pleas on or before the next return day, which was November 7: Act of May 18, 1871, P. L. 938. The excuse given by the defendant for not filing it was that the justice promised to mail it to him, but did not do so. The defendant testified that he did not receive the transcript, while the justice and his clerk testified to the effect that the transcript was properly signed, sealed, and mailed to the defendant on October 14, in an envelope bearing the request that it be returned to the justice's address, which was given, if not delivered, and that it was never returned. Upon this state of proofs the court would have been justified in finding that the defendant's allegation, that the justice had not kept his promise, was not sustained by the weight of the testimony.

But assuming for a moment that the justice did not keep his promise, this was not the neglect of anything that pertained to the official duty of justices of the peace, but was like the failure of a justice to fulfill his promise to file the transcript, or his promise to deliver it to the appellant's attorney for filing, each of which excuses has been held insufficient to justify the court in sustaining an appeal entered after the return day: Houk v. Knop, 2 Watts, 72; Sherwood v. McKinney, 5 Wharton, 435.

Moreover, even if the defendant could be excused for relying for a reasonable time upon the promise of the justice, he was not justified in waiting indefinitely, and, as already seen, he had ample time before the return day within which to appear personally and demand the transcript, and was negligent in not doing so.

In either view that may be taken of the case the court was right in discharging the rule to show cause why the. transcript should not be filed nunc pro tunc.

Order affirmed and appeal dismissed at the costs of the appellant.