# Kennemuth *v.* Lewis, Appellant.

*Justice of the peace—Appeals—Failure to take appeal in time—Justice as agent of defendant.*

An appeal from a judgment of a justice of the peace will not be allowed nunc pro tunc where it appears that the defendant requested the justice to give him a transcript, that the justice said he could not do it at the time but that he would mail it to defendant's attorney, and that the justice did not act, so as to permit an appeal to be filed within the statutory time. In such a case the justice is the agent of the defendant, and the latter is bound by his negligence.

Argued May 4, 1915. Appeal, No. 196, April T., 1915, by defendant, from order of C. P. Clarion Co., Dec. T., 1913, No. 71, discharging rule for an allowance of an appeal nunc pro tunc in case of Harry Kennemuth v. Homer E. Lewis. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule for the allowance of appeal from judgment of a justice of the peace nunc pro tunc.

The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule for an allowance of an appeal nunc pro tunc.

*George F. Whitmer,* for appellant.—An appeal nunc pro tunc will be allowed whenever the appellant has been prevented from entering his appeal by the action of an alderman or a justice of the peace: Snyder v. Snyder, 7 Philadelphia 391; McIlheny, et al., v. Holland, 111 Pa. 634; Nobel, to use, v. Houk, 16 S. & R. 420.

*J. F. Maffett,* with him *A. A. Geary* and *W. W. Hindman,* for appellee, cited: Sherwood v. McKinney, 5 Wharton 435; Law v. Groves, 47 Pa. Superior Ct. 411; Lehigh Sales Co. v. Rossi, 40 Pa. C. C. R. 656.

252    KENNEMUTH *v.* LEWIS, Appellant.

OPINION BY PORTER, J., July 21, 1915:

The plaintiff brought an action in assumpsit against the defendant before a justice of the peace and, on July 22, 1913, judgment was entered by the justice in favor of the plaintiff and against the defendant. On August 11, 1913, the defendant appeared before the justice and filed an affidavit and bond for appeal and requested the justice to give him a transcript. The justice told him that he could not give it to him that day; that he was going away, and it was then agreed between the justice and the defendant that the former should make out and mail the transcript to George F. Whitmer, Esq., the attorney for the defendant, in time to file the transcript in the Court of Common Pleas of Clarion County, before the then next term, to wit, August 25, 1913. The justice did not send the transcript to the attorney as agreed upon, but mailed it to the defendant too late to permit its being filed before the next term. The defendant subsequently applied to the Court of Common Pleas for an order permitting the transcript to be filed nunc pro tunc, as of August 23, 1913, and the court granted a rule on the plaintiff to show cause why the transcript should not be permitted to be thus filed nunc pro tunc, which rule the court subsequently discharged. The defendant now assigns for error the refusal of the court below to permit the transcript to be filed nunc pro tunc. The agreement between the defendant and the justice that the latter should mail the transcript to the attorney of the defendant in time to permit it to be filed before the next term constituted the justice the agent of the defendant for that purpose, and the negligence which ensued was consequently that of the defendant. The failure of the justice to mail the transcript to the attorney of the defendant did not constitute neglect of anything that appertained to his official duty. That there was no error in the refusal of the court below to permit the transcript to be filed nunc pro tunc has been so distinctly ruled that further discussion of the question is unnecessary:

Houk v. Knop, 2 Watts 72; Sherwood v. McKinney, 5 Wharton, 435; Law v. Groves, 47 Pa. Superior Ct. 411. The specification of error is dismissed.

The judgment is affirmed.