# R. E. Mason *v.* Hannah M. Stackhouse, Charles Stackhouse, Appellants.

*Justice of the peace—Judgment — Appeal—Failure to file transcript.*

An appeal from the judgment of the justice of the peace should be stricken off, where the appellant has failed to file the transcript before the next return day, after taking the appeal.

In such case, the defendant cannot be excused because he alleged —which was contradicted by the justice—that the latter had promised to go to the house of one of the defendants to take the affidavits and complete the papers.

Even if the justice did make this promise and neglected to keep it, this was not the neglect of anything that pertained to the official duty of a justice of the peace, and such excuse is not sufficient to justify a court in sustaining an appeal entered after the return day.

Argued November 19, 1924. Appeal, No. 253, Oct. T., 1924, by defendants, from judgment of C. P. Bucks Co., April T., 1923, No. 21, striking off appeal in the case of R. E. Mason v. Hannah M. Stackhouse, and Charles Stackhouse. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from judgment of a justice of the peace. Before RYAN, P. J.

Rule to strike off appeal.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*Webster Grim,* of *Grim & Grim,* for appellants.— Where the defendant is prevented from entering an appeal within the time allowed by law, by any default of the justice of the peace, the court should permit the ap-

peal to be entered nunc pro tunc: Freeman v. Orr, 4 Kulp 222; Kuyk v. Eldridge, 29 C. C. 500; Fry v. Kramer, 6 Leh. 94; Rice v. Staker, 36 York; Myers v. Keen, 4 Del.

*Calvin S. Boyer,* of *Boyer and Vanartsdalen,* for appellee, cited: Harris v. Mercur, 202 Pa. 313; Dunmore Boro. Sch. Dist. v. Wahlers, 28 Pa. Superior Ct. 35; Brown v. Garlock, 32 C. C. Rep. 5; Wise v. Cambridge Springs Boro., 262 Pa. 139; Singer v. Del. L. W. Co., 254 Pa. 502.

OPINION BY PORTER, J., February 27, 1925:

Bail for appeal from the judgment of a justice of the peace was entered on February 6, 1923, and the transcript should have been filed in the court below on or before the then next return day, which was the second Monday of March (the 10th), 1923, but the transcript was not filed until April 13, 1923. The court, on motion of the plaintiff, subsequently struck off the appeal, which action the defendants here assign for error.

The excuse given by Charles Stackhouse, one of the defendants, for not filing the transcript was that on February 6th, at the time he paid the costs and entered bail for the appeal, he and the justice of the peace had arranged that the latter would come to the home of the defendants, which was about two miles from the office of the justice, and there "have the papers all fixed up at that time"; that the justice had repeated this promise several times later when called by telephone, but had failed to keep his promise until a day or two before April 13th, when the justice did finally come to his residence and there delivered to him the transcript, which was filed on the date above indicated. This testimony of the defendant was explicitly denied by the justice, whose deposition was taken and who testified that he had agreed to go to the house of the defendants and there take the affidavit of Hannah M. Stackhouse, and deliver

the transcript to the defendants, which promise he had kept and had delivered the transcript to the defendants, at their home.    The justice testified positively that he had delivered the transcript to Mr. Stackhouse within twenty days after January 20, 1923, the date of the entry of the judgment.    Here was a conflict of evidence. If the testimony of the justice of the peace was true, these defendants had the transcript in their possession for several weeks before they were required, under the provisions of the statute, to file it in the common pleas. Upon this state of the proofs we would not be warranted in holding that the court below erred in striking off the appeal.

Assuming, however, that the justice did make the promise and failed to keep it, this was not the neglect of anything that pertained to the official duty of justices of the peace, but was like the failure of a justice to fulfill his promise to file the transcript, or mail it to the defendant, or to deliver it to the attorney of the appellant for filing, each of which excuses has been held insufficient to justify the court in sustaining an appeal entered after the return day.    "Moreover, even if the defendant could be excused for relying for a reasonable time upon the promise of the justice, he was not justified in waiting indefinitely, and, as already seen he had ample time before the return day within which to appear personally and demand the transcript, and was negligent in not doing so": Law v. Groves, 47 Pa. Superior Ct. 411.    In either view that may be taken of the case the court was right in striking off the appeal.

Order affirmed and appeal dismissed at costs of the appellants.