### Jones v. Fickes.

*Justice of the peace—Appeals—Perfecting appeal—Justice as agent of defendant—Letter to justice—Appeal nunc pro tunc.*

1. A defendant in a judgment entered by a justice of the peace will not be permitted to file an appeal *nunc pro tunc* where it appears that he sent to the justice an unregistered letter containing the transcript, that he did not keep a copy of such letter or inquire whether the justice had received it or carried out defendant's request to the justice to perfect the appeal.

2. In such case, the defendant makes the justice his agent and is bound by the failure of the justice to act upon the instructions.

Rule on plaintiff to show cause why execution should not be stayed and appeal allowed. C. P. Centre Co., Dec. T., 1926, No. 60.

*Edward J. Thompson* and *George W. Zeigler*, for plaintiff.

*F. K. Troutwine*, for defendant.

FURST, P. J., April 13, 1927.—

#### Order and decree.

And now, to wit, this 13th day of April, 1927, the above case having been presented to the court by briefs of counsel on both sides, and, after careful examination of same and due consideration of the matters involved, it is ordered, adjudged and decreed that the rule granted to the defendant to show cause why Dr. F. K. Fickes should not be permitted to perfect his appeal from the judgment of the justice of the peace *nunc pro tunc* is dismissed. It appearing to the court that the defendant has not shown due diligence in taking advantage of his legal rights, but has allowed an unreasonable time to elapse before raising this question. The record shows that the transcript was mailed from Mr. Troutwine's office to the justice of the peace with the knowledge that sometimes the mails miscarry, but there is nothing shown by the record to indicate that the letter was sent by registered mail, a copy of the letter retained in the office, nor any inquiry made of the justice whether he had carried out the request sent to him from the Troutwine office, and it appearing to the court that in a matter as important as the taking of an appeal with technical provisions having to be followed, it is the duty of the one taking the appeal to see to it that it is properly lodged in the prothonotary's office and properly entered. It is a well-established fact that the one taking an appeal and depending upon the justice of the peace to perform such services as are referred to in this case makes the said justice his agent and is bound by the action of the 'squire, as well as failure to act. No injustice has been done to the defendant in this action, for the reason that the case could be heard on its merits in an action by Fickes against Jones. The rule is dismissed mainly upon the authorities cited in Patterson v. Gallitzen B. & A., 23 Pa. Superior Ct. 54; Hibbs v. Stines, 8 Phila. 236; Kennemuth v. Lewis, 61 Pa. Superior Ct. 251, as well as other authorities cited by plaintiff's counsel in his brief.

The sheriff is directed to proceed with his writ and the lien of the original levy to continue. Costs to follow the issue.

From S. D. Gettig, Bellefonte, Pa.