## George et al. v. Kephart.

*Mitchell MacCartney*, for petitioners; *George M. Meyers*, for respondent.

PATTERSON, P. J., July 21, 1928.—The defendant petitions the court in the above-stated case to be allowed to file his affidavit of appeal *nunc pro tunc.* The transcript shows that, in the presence of the plaintiff and the defendant, judgment was originally entered by the justice of the peace in favor of plaintiff and against defendant on Oct. 22, 1927, and on Nov. 9, 1927, defendant appealed, and on the same day filed a bond in the sum of $50, in accordance with the act of assembly. Said transcript of appeal was duly filed with the Prothonotary of the Court of Common Pleas of Blair County on Nov. 28, 1927, by counsel for defendant. On Jan. 3, 1928, on petition of Howard Long, one of the plaintiffs, rule was awarded on the defendant to show cause why his appeal should not be stricken from the record, for the reason that no

affidavit of appeal, as required by the Act of March 25, 1903, P. L. 61, had been made. On Feb. 6, 1928, said rule was, by agreement of counsel, made absolute. On Feb. 17, 1928, the defendant presented his petition for an appeal *nunc pro tunc*, which matter is now before us for consideration.

Section 1 of the Act of 1903, above referred to, provides: "No appeal shall be allowed from the judgment of a justice of the peace or alderman unless the appellant or his attorney or agent, at the time of taking such appeal, shall make affidavit in writing that the appeal is not for delay, but because he verily believes that injustice has been done."

By this act, therefore, it is mandatory upon the party desiring to appeal from the justice of the peace to make an affidavit at the time of taking said appeal. The petitioner in this case complains that he did not know of the requirement of the act of assembly and that he performed every duty required of him by the justice of the peace who made up the transcript. And it is contended that the Court of Common Pleas has discretionary power to allow an appeal *nunc pro tunc* in such cases.

We have carefully examined the reasons assigned by the petitioner, as well as the legal authorities cited in support of said petition, and have concluded that the prayer of the petitioner must be refused for several reasons:

1. It is not alleged in the pleadings, and it has not been argued by counsel, that the defendant, if the appeal be allowed, has a just and complete defense to plaintiff's claim or any part of the same. In Hamilton *v.* Beauty Shop, 16 Del. Co. Reps. 474, it is held: "No allegation appears in the petition for the rule that the defendant has a defense to plaintiff's claim, which is essential where the equitable powers of the court are to be invoked. The petition should aver not only that defendant has a just and complete defense to plaintiff's claim, or part of the same, but should also set forth the particulars thereof."

2. From the time the transcript was filed, to wit, Nov. 28, 1927, until the date of the filing of the present petition, Feb. 17, 1928, a period of almost three months had elapsed, and during that period the defendant petitioned to have the appeal stricken from the record without filing his petition for an appeal *nunc pro tunc*. Under the decisions of the appellate courts, it is necessary, in seeking the equitable discretion of the court, to be diligent, and in this case, had there been sufficient grounds set forth in the petition, we are of the opinion that no appeal could be allowed at this time, for the reason that the petitioner had not exercised due diligence in the presentation of the case.

In Kaumagraph Co. *v.* Thissen Silk Co., 42 Pa. Superior Ct. 110, it is held: "While it is true that there is always an exercise of judicial discretion in this class of cases, yet it must be based upon something which gives the judiciary a right to set aside the provisions of the statute. Mr. Justice Mitchell speaks of it as an 'inherent and necessary power.' The question remains, when shall it be exercised? In Kerr *v.* Rodgers, 9 Phila. 525, Judge Paxson said: 'The frequency of these applications admonishes us that we ought not to relax the rules of law applicable to such cases. Nothing short of an act of assembly can give a man an appeal when he has lost his right thereto by neglect. There is a class of cases, the number of which we do not feel disposed to increase, in which it has been held that a defendant may be allowed to file his appeal *nunc pro tunc*. Thus, where a defendant made an effort to appeal, had exercised due diligence, and had been prevented from taking his appeal by the absence from the county, or sickness of the alderman, or by a refusal of the latter to take the bail or give the defendant a transcript,

the latter has been allowed to enter his appeal after the twenty days have expired.' "

In the present case, the defendant actually took an appeal and for nearly three months thereafter he failed to petition the court for permission to file the affidavit, and to this date has failed to allege that he has any defense to all or any part of said judgment. For these reasons, we are of the opinion that the court is without power of discretion to grant the relief prayed for.

In Ward v. Letzkus, 152 Pa. 318, it is held: "Where an appeal has been taken from the judgment of a justice . . . within the time required, . . . but, through the forgetfulness óf counsel, the transcript was not filed in the Court of Common Pleas until after an intervening return-day had passed, the court has no jurisdiction to permit the appeal to be filed *nunc pro tunc*."

In the First National Bank v. Fair, 72 Pa. Superior Ct. 457, 461, it is said: "It was then too late (almost four months) to consider the petition to strike off the transcript as a petition for an allowance to appeal *nunc pro tunc* made within proper time. This we think was not the exercise of proper judicial discretion. The defendant should have presented his petition for the allowance of an appeal *nunc pro tunc* promptly, at least before the expiration of twenty days after notice. The court should not have relieved him from the effect of his not moving promptly or properly."

*Decree.*—Now, July 31, 1928, rule to show cause why affidavit of appeal should not be allowed *nunc pro tunc* with the same force and effect as if it had been filed on Nov. 28, 1927, is hereby discharged.

From Robert W. Smith, Hollidaysburg, Pa.