## Anheuser Busch Brewing Co. v. Halpern Beverage Co.

*W. H. Cree*, for plaintiff; *R. J. Puderbaugh*, for defendant.

PATTERSON, P. J., Dec. 7, 1929.—This is a petition by defendant to perfect and file an appeal *nunc pro tunc*. On April 22, 1929, judgment in the sum of $36.30 was rendered in favor of plaintiff and against defendant in default of appearance before Justice of the Peace Boyles in the Borough of Juniata, Blair County, Pennsylvania.

It appears from the pleadings and arguments of counsel that a transcript of appeal was properly delivered by the justice to the defendant and by the defendant mailed to his attorney, who acknowledges receiving the same. The transcript of appeal was not filed in the office of the Prothonotary of Blair County until after the return-day of June Term, 1929, as provided by act of assembly. We are now asked to permit the same to be filed *nunc pro tunc*, and it is argued that it is within the discretion of a Court of Common Pleas to allow the same. With this conclusion we cannot agree. There are numerous decisions by the courts in Pennsylvania to the effect that a court has no jurisdiction in such case.

In Ward v. Letzkus, 152 Pa. 318, it is held, in a case where a petition to allow an appeal *nunc pro tunc* was presented: "No reason is given beyond the neglect of counsel. The counsel was the mere agent of the client . . . and the neglect of the one was the neglect of the other. The order of the court below, allowing the defendant to enter his appeal *nunc pro tunc*, is reversed and set aside."

In Kaumagraph Co. v. Thissen Silk Co., 42 Pa. Superior Ct. 110, 113, the Superior Court, quoting the opinion of the lower court, held: "While it is

452

true that there is always an exercise of judicial discretion in this class of cases, yet it must be based upon something which gives the judiciary a right to set aside the provisions of a statute. . . . The frequency of these applications admonishes us that we ought not to relax the rules of law applicable to such cases. Nothing short of an act of assembly can give a man an appeal when he has last lost his right thereto by neglect."

*Decree.*—Now, Dec. 7, 1929, rule to show cause is hereby discharged.

From Robert W. Smith, Hollidaysburg, Pa.