## Friend v. Russell.

*Francis H. S. Ede*, for plaintiff.

*Orrin E. Boyle* (of the Lehigh County Bar), for defendants.

STEWART, P. J., Jan. 13, 1930.—This is a rule to allow an appeal to be filed *nunc pro tunc*. An answer was filed and depositions were taken. From them it appears that a summons in *assumpsit* issued. Hearing was had on Sept. 17, 1929. Both parties appeared. Judgment was rendered the same day in favor of the plaintiff and against the defendants. Defendants immediately gave notice that they would appeal, and the justice immediately prepared the transcript, put it in his basket, and it was ready for the defendants at any time thereafter. The justice testified: "I told him at the time of the hearing that I couldn't mail a transcript to him; that it would have to be signed by him and by the bondsman." That is not denied by the defendants. On Saturday, Oct. 5th, eighteen days after the hearing, the justice went to a football game in the afternoon. While he was there one of the defendants appeared at his office to take an appeal. The justice's wife had a conversation with the defendant and the defendant paid 75 cents for the appeal. The defendant testified that the justice's wife said that if he paid the money "I will see that you get it" (that is, the transcript). He then asked her to see that he got it by Monday morning, and she answered: "Yes, I will." There is no doubt that

the money was paid and was received by the justice. The justice's wife was examined as a witness and could not recall exactly what she said to the defendant, but she testified that she received from the defendant his telephone number and his address. The justice testified that when he got home, and on the following Monday, he tried to reach the defendant to inform him about the necessary things to be done for taking an appeal, and could not reach him. The testimony also showed that the wife was in no sense a representative of the justice. As a matter of fact, he employed a stenographer, who attended to the business of his office, and what the wife did was only a matter of accommodation. Under the decisions hereinafter cited, it makes little difference in what capacity the wife was acting, because the decisions hold that she was in no sense the agent of the plaintiff. She was the defendant's agent, and even if the justice had promised to send the transcript and failed to send it, he would be the defendant's agent and not the plaintiff's. The outstanding facts are that the wife was the agent of the defendant, and that the defendant was negligent in not taking his appeal either on Saturday night, when the justice was in his office, or on Monday, when he was also there all day. There is no contention that the defendant called on the justice but once for the taking of an appeal. Each side has submitted excellent briefs, and each side supports its view by citations of decisions of the Courts of Common Pleas. It is impossible to reconcile these decisions, but the decisions of the Superior Court, which are controlling, rule the present application flatly against defendants. In Patterson v. Gallitzin Building & Loan Ass'n, 23 Pa. Superior Ct. 54, the syllabus is: "If, without fault of his, a party desiring to appeal from a judgment of a justice of the peace is prevented from doing so by the act of the latter, an appeal may be allowed *nunc pro tunc*, if asked for in a reasonable time, but if the court finds on sufficient evidence that the failure to enter the appeal in time was due to the party's lack of diligence, the appellate court will not interfere." In Kaumagraph Co. v. Thissen Silk Co., 42 Pa. Superior Ct. 110, the syllabus is: "The neglect of counsel in reading only part of a notice intended to guide attorneys as to the dates of terms, and the placing of a wrongful construction on such reading, will not entitle a defendant, represented by the attorney, to an appeal *nunc pro tunc* from the judgment of a justice of the peace after the time for appeal has expired." In Law v. Groves, 47 Pa. Superior Ct. 411, the facts are very similar to the facts of the present case. There the defendant testified that the justice promised to mail the transcript to him, but did not do so. The Superior Court said: "But assuming for a moment that the justice did not keep his promise, this was not the neglect of anything that pertained to the official duty of justices of the peace, but was like the failure of a justice to fulfill his promise to file the transcript, or his promise to deliver it to the appellant's attorney for filing, each of which excuses has been held insufficient to justify the court in sustaining an appeal entered after the return day: Houk v. Knop, 2 Watts, 72; Sherwood v. McKinney, 5 Wharton, 435." To the same effect is Kennemuth v. Lewis, 61 Pa. Superior Ct. 251. See, also, Mason v. Stackhouse, 84 Pa. Superior Ct. 288. In Rudy v. Troup, 67 Pa. Superior Ct. 160, the syllabus is: "Where a justice of the peace renders judgment publicly in his office three days after the hearing, the defendant will not be allowed an appeal *nunc pro tunc* on the ground that the justice had promised to notify him of the judgment and had failed to do so." See, also, Ambrose v. Laughlin, 81 Pa. Superior Ct. 437. In the last case found, Marcus v. Cohen et al., 94 Pa. Superior Ct. 383, the element of petitioner's sickness enters into the case and is disposed of by Judge Trexler as follows: "The defendants knew that the judg-

ment had been entered and presumably knew that the time of appeal was expiring. Although sick and confined to his bed in his home, the appellant could have sent for one of his co-defendants and perfected the appeal, or his attorney or agent could have done it for him." The same thing applies in this case. The defendants could have secured an attorney, who would have attended to the appeal if either of them was sick. The whole matter is summed up in the end of that case as follows: "Where there is fraud practiced or the defendant is misled by the magistrate, such appeal may be allowed, but there must be fraud or its equivalent. The authorities are reviewed in the above case and the statement is made that the court 'can no more enlarge the time than he can legislate in any other matter.'" In the present case there was no fraud at all. The justice and his wife sought to aid the defendants, and it is a pure case of negligence on the part of the defendants in not taking their appeal within the statutory period. The present case is decided upon the above decisions, most of which we followed in Matta v. Sacchetti, 11 Northamp. Co. Repr. 210.

We take this occasion to call attention to the fact that petitions of this character should contain the particulars of the defense. We so decided in Kaumagraph Co. v. Thissen Silk Co., 11 Northamp. Co. Repr. 412, and that case has been followed ever since upon that point.

And now, Jan. 13, 1930, rule to show cause why an appeal should not be entered *nunc pro tunc* is discharged.

From Henry D. Maxwell, Easton, Pa.