## DeHaven's Estate

*Charles W. Eaby*, for petitioner.
*John E. Malone*, contra.

CHARLES, P. J., February 15, 1940.—This is a petition by H. F. Dunn, receiver of the New Holland National Bank of New Holland, Pa., an insolvent banking institution, to open the adjudication and review the audit so as to enable petitioner to present a claim for an assessment of $2,400 with interest, on 24 shares of the capital stock of said bank owned by decedent at the time of his decease.

The facts are undisputed and appear from the record and upon hearing had on the rule granted to show cause.

William F. De Haven died testate on January 15, 1933. Letters testamentary were granted on January 25, 1933, to Jennie M. De Haven. She filed an inventory on February 6, 1933, showing assets amounting to $15,013.62, which included 24 shares of the capital stock of the New

Holland National Bank of no par value. Her administration account was filed on May 5, 1938, showing a balance for distribution of $13,553.39, and the 24 shares of stock were not accounted for. The account was properly advertised for audit and at the audit thereof the New Holland National Bank was represented by counsel and presented no claim. A letter from such counsel was received by the court advising that the audit could be closed in his absence. An adjudication was filed June 30, 1938, which was not excepted to, and the balance shown by the account was paid as awarded by the court on July 19, 1938, and a release taken therefor.

By letter dated June 15, 1933, Jennie M. De Haven was advised of the liability to assessment upon stockholders of the New Holland National Bank and notified not to distribute the estate of William F. De Haven until this claim was adjusted. On May 2, 1938, a jury verdict was rendered in favor of plaintiff for $101,907.07 in the suit of the Farmers National Bank & Trust Company of New Holland, Pa., against the New Holland National Bank in the Court of Common Pleas of Lancaster County to October term, 1936, no. 46, on a bond of $125,000 conditioned for the payment of any deficit to depositors and others of the New Holland National Bank in the liquidation of its assets under an agreement between the two institutions. Judgment on this verdict was entered on August 29, 1938, and on appeal the judgment was affirmed by an opinion of the Supreme Court handed down April 4, 1939. (See Farmers National Bank & Trust Company of New Holland v. New Holland National Bank of New Holland, 333 Pa. 428).

On June 1, 1939, the Comptroller of the Currency of the United States ordered an assessment of 100 percent on the stockholders of the New Holland National Bank payable June 2, 1939.

The petition does not set forth when H. F. Dunn was named receiver of the New Holland National Bank nor does it appear from the proceedings had.

Petitioner contends and alleges in his petition that the letter permitting the adjudication to be closed was for the express purpose of hastening an adjudication of the estate to prevent the collection of an assessment which all parties in interest knew was bound to occur; and that a legal fraud has been perpetrated in the orphans' court. Not a scintilla of proof has been offered upon which such a conclusion and averment can be founded.

This is a petition for review and it raises two legal questions: (1) Was the executrix of this estate, in her fiduciary capacity, under legal duty to withhold sufficient assets to protect the contingent liability for an assessment which had not then been made? (2) Is petitioner, under the facts in this case, entitled to a review? Both questions must be answered in the negative.

In Pufahl, etc., v. Parks' Estate, 299 U. S. 217, the United States Supreme Court held that the liability of stockholders of National banks to assessment was statutory and was only a contingent liability until such time as the Comptroller of the Currency actually ordered an assessment upon the capital stock of the bank, whereupon it became absolute; and that the statutes give this contingent claim no lien against the property of a living stockholder or against the estate of a deceased stockholder. It is unsecured and unpreferred, becomes payable as of the date of assessment, and is collectible from a decedent's estate in the same manner and to the same extent as other claims of equal dignity and character. In the opinion of the court (page 232) Mr. Justice Roberts concludes:

"In the absence of federal legislation giving priority to a claim for an assessment of stockholders' liability over other debts, or a lien upon the assets of a deceased stockholder's estate, or a special remedy, the claim is not entitled to distribution otherwise than as specified in a nondiscriminatory statute of the domicile."

We must, therefore, conclude that Jennie M. De Haven, executrix of the last will and testament of William F.

De Haven, deceased, at the time she filed her administration account, was under no duty to withhold sufficient funds to protect the probable assessment on the capital stock of the New Holland National Bank.

Section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §843, provides for the rehearing within five years of accounts, adjudications, and auditor's reports upon petition alleging error with the following exception: "Provided, That this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary." In Mack's Estate, 111 Pa. Superior Ct. 20, the petition of a creditor to open and review an adjudication was dismissed where it appeared that "all the legal requirements as to notice, etc. . . . had been complied with . . . the balance for distribution has actually been paid . . .".

An adjudication will not be opened and an audit reviewed because of any laches or negligence by one who was in court or was represented by counsel. He has had his day in court. In Small's Estate, 23 Dist. R. 793, it was urged that petitioner performed her duty when she retained counsel; that the counsel owed a duty to the court, and that if he failed to perform his duty to the client, the court should relieve the client. The court said: "This is not the accepted view of the matter. The proper view is that the neglect of counsel is to be considered as the neglect of the client." See also Kaumagraph Co. v. Thissen Silk Co., 42 Pa. Superior Ct. 110, and Milliken's Appeal, 227 Pa. 502.

In the instant case, Jennie M. De Haven, executrix of the estate of William F. De Haven, deceased, filed her administration account and brought into court the assets of said estate for distribution to creditors or others entitled thereto. She did that which it was her legal duty to do. The account was properly advertised for audit. The New Holland National Bank was represented by counsel and notice of its claim was given by letter dated June 15,

1933. No claim was presented at the audit of the account and counsel for the bank notified counsel for the accountant and the clerk of the orphans' court, by letter dated June 14, 1938, as follows:

"Since an assessment on this stock has not been made, New Holland Bank cannot, in my opinion, since the decision of Pufahl v. Park's Estate, by the U. S. Supreme Court, claim to have any monies in this estate impounded to await a future assessment; and the audit in this estate may be closed in my absence."

The audit was closed and, no exceptions having been filed, the awards, including an award of the residue amounting to $13,148.59 to Jennie M. De Haven, were paid and discharged.

Judge Maris, circuit judge, in an opinion filed November 27, 1939, in the case of Hart v. Burke et al., 108 F. (2) 82 (3d Cir.), reviewed at great length and fully discussed the Pennsylvania Fiduciaries Act of 1917, supra, and the Pennsylvania decisions in reference to distribution of decedents' estates and the rights of creditors therein. In that case decedent owned at the time of her death 234 shares of the Union National Bank of Scranton, Pa., of which plaintiff was receiver. The administration account was filed April 30, 1934, and the Comptroller of the Currency ordered an assessment of 100 percent upon the capital stock of the bank on November 27, 1936. No claim was presented at the audit of the account and the estate assets, other than the bank stock, were ordered distributed and actually paid to Walter L. Burke and John B. Burke, individually, as sole beneficiaries under decedent's will. Subsequently, on June 16, 1938, a bill in equity was filed in the District Court for the Middle District of Pennsylvania requesting judgment against the individual distributees and against decedent's estate. This bill was dismissed by the district court. In sustaining the judgment of the district court, Judge Maris said, at page 86:

"Applying the applicable law of Pennsylvania to the facts of the present case we conclude that from the date

of the appointment of the appellant as receiver on February 21, 1934 he was a creditor of the testatrix's estate by reason of the contingent stock assessment claim. As such it was his duty to present that claim at the audit of the executors' account on November 19, 1934, and to request the court to direct the executors to withhold from distribution for a reasonable time a sum sufficient to meet the claim when and if the assessment was made. His failure to make claim at the audit, therefore, barred him from any later claim against the assets then distributed based on the liability of the estate to pay the assessment."

We, therefore, come to the inevitable conclusion that the prayer of this petition cannot be sustained and the rule granted thereon must be discharged.

And now, February 15, 1940, the rule granted is discharged and the petition dismissed at the cost of petitioner.