## Higgins v. The Educators

*Edgar Downey*, for plaintiff.
*James J. Gallagher*, for defendant.

PALMER, P. J., September 8, 1941.—This is a proceeding upon a rule to show cause why an appeal from the judgment of an alderman should not be adjudged fatally defective and for that reason be stricken off.

This case was heard on January 25, 1941, before Alderman Faulls of the first ward of the City of Pottsville, who entered judgment in favor of plaintiff and against defendant in the sum of $211.78.

On January 30, 1941, defendant by its attorney-infact, Robert B. Myers, appeared before J. Edward Wetzel, an alderman in the City of Lancaster, Pa., and made an affidavit for an appeal from the judgment of Alderman Faulls. At the same time defendant executed a bail bond in the amount of $500. Notice of the intention to appeal was given to Alderman Faulls but the affidavit and the bond were not filed in his court.

The transcript of the record as prepared by Alderman Faulls, together with the affidavit and the bond, was taken before Alderman Wetzel and filed in the office of the Prothonotary of Schuylkill County on February 6, 1941.

On March 11, 1941, plaintiff caused a rule to be issued upon defendant to show cause why the appeal as filed should not be stricken from the record. Defendant then entered a rule to show cause why an appeal from said judgment should not be perfected nunc pro tunc.

The undisputed facts indicate that the record is irregular and defective. It was not error for defendant to take the affidavit and give bond before an alderman other than the one before whom judgment was entered: Ratkowsky v. Fried, 12 Schuyl. L. R. 24. The failure to file this affidavit and bond with the alderman before whom judgment was entered and having the same made a part of the record, before the expiration of the 20-day period within which it must be taken, constitutes fatal error. An appeal from an alderman will be stricken off when the transcript shows that there was no affidavit nor bail filed at the time the appeal was taken: Seltzer v. Cauley, 12 Schuyl. L. R. 87.

The failure on the part of defendant to file the affidavit and the bail bond before the expiration of the 20 days in the court of Alderman Faulls rendered the appeal a nullity. For this reason the petition of defendant to perfect the appeal nunc pro tunc is in reality a petition to take an appeal nunc pro tunc and must be treated as such.

The act of assembly fixes the time within which an appeal may be taken from the judgment of a justice of the peace at 20 days. The courts have no power to extend this time: McLaughlin v. Orms, 2 Schuyl. Reg. 27; Anheuser Busch Brewing Co. v. Halpern Beverage Co., 13 D. & C. 451.

The court may permit an appeal nunc pro tunc in cases where fraud or its equivalent is shown: Marcus v. Cohen et al., 94 Pa. Superior Ct. 383. This form of relief will also be granted where it appears from the record that the justice of the peace deliberately misled defendant: Kelly v. Gilmore, 1 W. N. C. 73; McIl-

haney et al. v. Holland, 111 Pa. 634; Devine v. Boyle, 4 W. N. C. 139; Scovall v. Sutton, 24 Luz. L. R. Rep. 566.

Counsel for defendant in this case argues that the statement, which appears at the close of the transcript provided by Alderman Faulls, misled them and led them to believe that all the steps necessary to take an appeal in behalf of defendant had been properly taken by defendant. This statement is as follows: "And now, January — 1941, defendant takes out an appeal." This does not indicate any action on the part of the alderman nor any intent on his part to mislead or deceive defendant or its counsel as to the record of this case. The agent or attorney-in-fact of defendant was fully aware of the facts and what steps were taken toward an appeal in this case. Defendant cannot impute his own lack of diligence or that of his counsel to the justice of the peace and be granted relief in the nature of an appeal nunc pro tunc: Kaumagraph Co. v. Thissen Silk Co., 42 Pa. Superior Ct. 110; Kennemuth v. Lewis, 61 Pa. Superior Ct. 251.

And now, September 8, 1941, the rule issued by plaintiff upon defendant to strike off the appeal from the judgment of the alderman in this case is made absolute. The rule issued upon plaintiff by defendant to show cause why the appeal should not be perfected nunc pro tunc is hereby dismissed.